Robert S. Green (State Bar No. 136183)
**GREEN & NOBLIN, P.C.**
2200 Larkspur Landing Circle, Suite 101
Larkspur, CA 94939
Telephone: (415) 477-6700
Facsimile: (415) 477-6710
Email: gnecf@classcounsel.com

William B. Federman*
**FEDERMAN & SHERWOOD**
10205 N. Pennsylvania Ave.
Oklahoma City, OK 73120
Telephone: (405) 235-1560
*wbf@federmanlaw.com*
*Admitted Pro Hac Vice

*Counsel for Plaintiff and for the Class*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS R. WERLEY, individually and on behalf of all similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>ORRICK, HERRINGTON & SUTCLIFFE, INTERNATIONAL LLP,<br><br>Defendant. | Case No.: 3:23-cv-04089-SI<br><br>**UNOPPOSED MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM CLASS COUNSEL**<br><br>**THE HON. SUSAN ILLSTON** |
| ROBERT D. JENSEN, individually and on behalf of all similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>ORRICK, HERRINGTON & SUTCLIFFE, LLP,<br><br>Defendant. | Case No.: 3:23-CV-04433-SI |

WERLEY V. ORRICK, HERRINGTON & SUTCLIFFE, LLP (Case No. 3:23-cv-04089-SI)
MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM CLASS COUNSEL

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Plaintiffs Dennis Werley and Robert Jensen seek an Order pursuant to Federal Rule of Civil Procedure 42(a) consolidating *Werley v. Orrick, Herrington & Sutcliffe International, LLP*, No. 3:23-cv-04089 and *Jensen v. Orrick, Herrington & Sutcliffe, LLP*, No. 3:23-cv-04433, and pursuant to Federal Rule of Civil Procedure 23(g) appointing William B. Federman of Federman & Sherwood as interim lead class counsel and Robert Green of Green & Noblin, P.C. as interim liaison counsel.

## I.   INTRODUCTION

Plaintiffs Dennis Werley and Robert Jensen (collectively "Plaintiffs") are the Plaintiffs in the above-captioned first- and second-filed actions that relate to the same data breach. They respectfully move, unopposed, for this Court to issue an order (1) consolidating *Werley v. Orrick, Herrington & Sutcliffe International, LLP*, No. 3:23-cv-04089-SI (N.D. Cal.) and *Jensen v. Orrick, Herrington & Sutcliffe, LLP*, No. 3:23-cv-04433-KAW (N.D. Cal.) (collectively the "Related Actions"),[1] pursuant to Fed R. Civ. P. 42(a), as well as any future related actions that may be filed in this Court, under the docket of the first-filed *Werley* action (No. 3:23-cv-04089-SI) and under the new caption "*In re Orrick, Herrington & Sutcliffe, LLP Data Breach Litigation*"; and (2) appointing William B. Federman of Federman & Sherwood as interim lead class counsel and Robert Green of Green & Noblin, P.C. as interim liaison counsel (collectively, "Proposed Interim Class Counsel") pursuant to Fed. R. Civ. P. 23(g).

Consolidation of the Related Actions are appropriate because they arise from the same nucleus of operative facts—a data breach at Orrick, Herrington & Sutcliffe, LLP ("Orrick") that

---

[1] On August 30, 2023, Plaintiff Werley filed an Amended Complaint which added Orrick, Herrington & Sutcliffe LLP as a Defendant. [Doc. 14]. All references to the *Werley* Action discuss the allegations as set out in Werley's Amended Complaint, unless otherwise specified. Plaintiff Werley's Original Complaint named Orrick, Herrington & Sutcliffe International LLP as a Defendant. Werley intends to drop Orrick, Herrington & Sutcliffe International LLP as a Defendant in the Consolidated Complaint.

exposed the private and confidential information—and assert similar and overlapping causes of action on behalf of similar and overlapping classes, seeking the same relief.

Appointing interim class counsel here is appropriate because, as described below, another duplicative action has been filed in this Court, and it is likely additional cases will be filed. Appointment of interim lead class counsel will clarify the roles and responsibilities of counsel on behalf of the class, while avoiding duplicative and unnecessary litigation that could result in inefficiencies for the Court and the Parties. Appointment of interim liaison counsel will allow for more efficient and direct communication in this case. The interim class counsel will also allow the parties to move the case forward in an efficient manner.

Plaintiffs have conferred with Defendant Orrick, Herrington & Sutcliffe, LLP ("Orrick" or "Defendant").[2] Defendant does not oppose this motion.[3]

## II. BACKGROUND

Defendant Orrick is a California limited liability partnership with its principal place of business in San Francisco, California. Orrick provides legal services across the United States. In the ordinary course of conducting its business, Orrick gathered and maintained certain categories of information concerning Plaintiffs and putative class members.

On March 13, 2023, Orrick discovered that some of its systems containing confidential and personal information had been accessed without authorization on March 7, 2023 (the "Data Breach"). During the Data Breach, one or more unauthorized third parties accessed Class

---

[2] Orrick, Herrington & Sutcliffe International LLP was named as a party in the *Werley* Action. Plaintiff Werley has not served Orrick, Herrington & Sutcliffe International LLP and intends to dismiss his claims against Orrick, Herrington & Sutcliffe International LLP. Therefore, Orrick, Herrington & Sutcliffe International LLP has not been asked to oppose or consent to this motion.

[3] Orrick's non-opposition is expressly limited to consolidation and appointment of interim class counsel. Orrick does not admit or concede any allegations, assertions, arguments, or representations herein, including without limitation to the extent Plaintiffs' allegations, assertions, arguments, and representations relate to class certification. Orrick does not waive any rights, arguments, or defenses.

Members' sensitive data including, but not limited to, Social Security numbers. According to the Data Breach Notification, which Defendant filed with the Office of the Maine Attorney General, 461,100 persons were affected by the Data Breach.[4] While Defendant claims to have discovered the breach as early as March 13, 2023, Defendant did not begin informing victims of the Data Breach until June 2023. Indeed, Plaintiffs and Class Members were wholly unaware of the Data Breach until they received letters from Defendant informing them of it on or around June 30, 2023. Plaintiffs allege they suffered various injuries as a result of Orrick's alleged failure to safeguard the sensitive protected identifying information and private health information entrusted to it.

To date, there have been two consumer class actions filed in this Court related to the Data Breach. Counsel in these Related Actions acted promptly to coordinate their efforts and to move the cases forward efficiently. Counsel now seek to consolidate these actions and move for the appointment of interim lead class counsel and interim liaison counsel to streamline the efficient prosecution of this litigation.

## III.   ARGUMENT

### A.   The Related Actions Should be Consolidated Under Rule 42(a)

Rule 42(a) of the Federal Rules of Civil Procedure authorizes the consolidation of cases sharing common questions of law or fact. Whether to do so is left to the trial court's discretion. *Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of California*, 877 F.2d 777, 777 (9th Cir., 1989).

Rule 42(a) of the Federal Rules of Civil Procedure provides:

> If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in

---

[4] *See* https://apps.web.maine.gov/online/aeviewer/ME/40/6e5ffd3e-4185-48e7-a098-a7405ec0ec63.shtml

the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a). In determining whether consolidation is appropriate, the court must also consider "the interest in judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation." *Paxonet Communications, Inc. v. TranSwitch Corp.*, 303 F. Supp. 2d 1027, 1028 (N.D. Cal. 2003).

### 1. Common Questions of Law and Fact Predominate

The Complaints in each of the Related Actions assert common causes of action against a common defendant (Orrick) in response to the same alleged misconduct (Orrick's alleged failure to adequately safeguard personal information). The Related Actions commonly seek certification of similar classes and allege that class members suffered similar harms as a result of Orrick's alleged conduct.

Courts consistently find that data privacy cases are particularly appropriate for Rule 42 consolidation. *See, e.g.*, *Guy v. Convergent Outsourcing, Inc.*, CASE NO. C22-1558 MJP, CASE NO. C22-1562 MJP, CASE NO. C22-1590 MJP, CASE NO. C22-1597 MJP, 2022 WL 17741845, at *1 (W.D. Wa., Dec. 13, 2022) (Slip Copy) (Consolidation of data breach cases was appropriate given that the four actions presented common questions of law and fact and there were substantial efficiencies to be gained.); *Houghton v. Rancho Mesquite Casino, Inc.*, Case No.: 2:23-cv-00276-CDS-DJA, Case No.: 2:23-cv-00304-RFB-BNW, Case No.: 2:23-cv-00333-ART-VCF, 2023 WL 2633742, at *1 (D. Nev., Mar. 24, 2023) (Slip Copy) (Consolidating cases that share common central allegations related to the same data breach may reduce delay and confusion, eliminate duplicative discovery and the possibility of inconsistent rulings on class certification, evidentiary motions, and other pretrial matters.); *McDonald v. PaperlessPay Corp.*, No. 3:20-CV-1005-MMH-MCR, 2021 WL 931599, at *3 (M.D. Fla. Mar. 11, 2021) (court ordered consolidation of data breach cases because even though there were "slight distinctions in proposed class definitions

and specific causes of action" the cases concerned the same data breach, which resulted in generally the same type of harm, to the same broad category of putative class members).

### 2. Consolidation would decrease potential delay, confusion, and prejudice

There is a substantial threat of inconsistent adjudications of common factual and legal issues if the cases are allowed to proceed separately. The Related Actions are pled as class actions. Both allege the same claims, including negligence, negligence per se, breach of fiduciary duties, breach of confidence, breach of implied contract, invasion of privacy, and injunctive/declaratory judgment. Additionally, both lawsuits seek certification of the same classes. Absent consolidation, it is possible multiple overlapping classes could be certified which may lead to Defendants being responsible for more than one judgment for the same class. Allowing the Related Actions to proceed separately could result in confusion prejudice to the parties in the form of inconsistent adjudications.

Moreover, all of the cases before this Court have the same procedural posture where the Complaints have been filed, but Orrick has not yet responded. Thus, "factors that counsel against consolidation, such as differing trial dates or stages of discovery, are not present here." *In re Oreck Corp. Halo Vacuum & Air Purifiers Mkt. & Sales Practices Litig.*, 282 F.R.D. 486, 490 (C.D. Cal. 2012). Therefore, this factor militates in favor of consolidation. *See id.*

Consolidation of the Related Actions is warranted because it will simplify discovery, pretrial motions, class certification issues, and other case management issues, especially because the Related Actions are at their procedural inception. Consolidating the Related Actions will also reduce the confusion and delay that may result from prosecuting related putative class actions separately, including eliminating duplicative discovery and the possibility of inconsistent rulings on class certification, *Daubert* motions, and other pretrial matters. Furthermore, consolidation will foster judicial economy and will not prejudice any party.

### 3. The Burden Posed by Multiple Lawsuits is Substantial

The burden on the Parties, the witnesses, and judicial resources will be substantially lessened by consolidation. Here, no plaintiff opposes consolidation, which augurs in favor of consolidation. *See Indiana State District Council of Laborers and Hod Carriers Pension Fund v. Gecht*, Nos. C-06-7274 EMC, C-06-7453 EMC, C-07-0698 EMC, 2007 WL 902554, at *3 (N.D. Cal., Mar. 22, 2007) (Slip Copy). Defendant Orrick also does not oppose consolidation.

Lastly, judicial resources will be conserved by presiding over one consolidated case rather than multiple separate cases. It is likely that other similar cases will follow this one, given the size of the class. As such, consolidating these cases will reduce the number of motions, briefings, hearings, and trials before the Court.

### 4. Litigating Separate Actions Would Require More Time and Money than Litigating a Consolidated Action

Consolidation of cases is permitted as a matter of convenience and economy. *Kamakahi v. American Soc. for Reproductive Medicine*, No. C 11-01781 SBA, 2012 WL 892163, at *2 (N.D. Cal. Mar. 14, 2012) (Not Reported in F. Supp. 2d). Consolidation of similar class actions expedites pretrial proceedings, reduces case duplication, avoids the need to contact parties and witnesses for multiple proceedings, and minimizes the expenditure of time and money for all parties involved. *Ramirez v. HB USA Holdings, Inc.*, No. EDCV 20-1016 JGB, 2021 WL 840353, at *2 (C.D. Cal., Jan. 15, 2021) (Slip Copy) ("Consolidation of these punitive class actions therefore serves the interests of efficiency and judicial economy, as it will reduce case and discovery duplications, expedite pretrial proceedings, prevent class member confusion, and minimize the expenditure of time and money for all parties." (citing *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1133 (C.D. Cal. 1999) ("Absent class members will best be served by consolidation because they will have just one case to monitor as it proceeds through litigation.").

It is plainly understood that litigating multiple separate causes of actions versus one consolidated action would take substantially more time for the Court and the Parties and would cost the Parties more money. The length of time required to conclude a consolidated lawsuit instead of multiple suits is likely to be significantly lessened and, therefore, weighs in favor of consolidation. *Id.* And the relative expense to all parties is likewise likely to be lessened by litigating in one consolidated case. *Id.*

### 5. Conclusion

Thus, Plaintiffs Werley and Jensen respectfully request that the Court consolidate the Related Actions under the docket number of the first filed case, 3:23-cv-04089-SI, and under the title *In re Orrick, Herrington & Sutcliffe, LLP Data Breach Litigation*.

### B.     The Court Should Appoint Interim Class Counsel Pursuant to Rule 23(g)

Pursuant to Rule 23(g), a court may "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." *Ramirez*, 2021 WL 840353, at *1. Designation of interim counsel prior to class certification is appropriate because certain conduct and filings, such as discovery, discussion of settlement, or motion practice, are typically required prepare for the certification decision. Fed. R. Civ. P. 23 Advisory Committee Notes (2003). Courts have found that "[i]nstances in which interim class counsel is appointed are those in which overlapping, duplicative, or competing class suits are pending before a court, so that appointment of interim counsel is necessary to protect the interests of class members." *Dependable Component Supply Corp. v. Murata Mfg. Co.*, No. 5:18-CV-00198-EJD, 2018 WL 3388548, at *2 (N.D. Cal. Apr. 27, 2018) (quoting *White v. TransUnion, LLC*, 239 F.R.D. 681, 683 (C.D. Cal. 2006) (citing Manual for Complex Litigation (Fourth) § 21.11 (2004)); *see also In re Seagate Technology LLC* Litigation, 2016 WL 3401989 *2 (N.D. Cal. June 21, 2016).

Class counsel appointment is necessary at this time as Defendant has already reached out to Plaintiffs' counsel to initiate discussion of mediation. *See, e.g. Torliatt v. Ocwen Loan Servicing, LLC*, No. 19-cv-04303-WHO, 2020 WL 10964876, at *3–*4 (N.D. Cal., Oct. 2, 2020) (Slip Copy) (finding the appointment of interim class counsel necessary to protect the interest of the class during settlement proceedings). Moreover, class counsel appointments are important where, as here, other cases have been and will continue to be filed by other counsel, including in other courts. *Gamboa v. Ford Motor Co.*, 381 F. Supp. 3d 853, 867 (E.D. Mich. 2019)); *Beture v. Samsung Elecs. Am., Inc.,* No. 17-5757 (SRC), 2018 U.S. Dist. LEXIS 50413, at *3 (D.N.J. Mar. 27, 2018) ("This Court is persuaded that it is in the interest of the putative class of Plaintiffs to prevent a competition between counsel, and to encourage the coordination and cooperation of counsel by granting this motion."). In cases such as this one, "designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." *Michelle v. Artic Zero, Inc.*, Nos. 12cv2063–GPC(NLS), 12cv2284–GPC(NLS), 12cv2279–GPC(NLS), 12cv2544–GPC(NLS), 12cv2593–GPC(NLS), 12cv2647–GPC(NLS), 2013 WL 791145, at *2 (S.D. Cal., Mar. 1, 2013) (citing *Manual for Complex Litigation* (4th) § 21.11).

Thus, appointing lead counsel now will "clarif[y] responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." Manual § 21.11. This clarity is particularly important in a case, such as this one, where Defendant has already begun seeking to move this case forwards, and where many hundreds of thousands of class members likely have been impacted by the alleged conduct and where numerous cases have been and will continue to be filed.

-8-

Courts typically look to the Rule 23(g) factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A). *Ramirez*, 2021 WL 840353, at *1. These factors are:

(1) the work counsel has done in identifying or investigating potential claims in the action;

(2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

(3) counsel's knowledge of the applicable law; and

(4) the resources counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A).

As discussed below, each of the relevant factors demonstrate that proposed interim lead class counsel and proposed liaison counsel are highly qualified to represent the interests of the class.

### 1. Proposed Interim Lead Class Counsel Performed Substantial Work in Investigating this Action

Proposed interim lead class counsel has committed substantial, yet appropriate, time and resources to organizing and working toward the advancement of this litigation, investigating and researching the potential legal theories and claims at issue, and researching and reviewing information relating to the factual underpinnings of the Data Breach. Counsel is familiar with the facts and legal issues in this matter and will continue his pursuit of the claims on behalf of Plaintiffs and the class. Federman & Sherwood was the first to comprehensively investigate the facts of this matter and commence the prosecution of the cases. Federman & Sherwood devoted substantial time investigating the background facts, drafting a detailed complaint, and coordinating with other plaintiffs' counsel.

Mr. Federman and his firm continues to perform substantial work that has been (and will be) valuable to the class as the case moves forward. This includes but is not limited to:

(a) reviewing consumer communications concerning the Data Breach; (b) engaging in ongoing communications with absent class members; (c) investigating the scope of the Data Breach's consequences, and Orrick's public response regarding the same; (d) researching potential claims arising from the Data Breach and defenses thereto; (e) performing sufficient legal research into the causes of actions that can be asserted on behalf of the class; (f) using this information to prepare a consolidated complaint; and (g) scheduling a Rule 26(f) conference with Defendant.

Proposed Interim Class Counsel has conducted all the work necessary to prosecute this litigation thus far, and he stands ready, willing, and able to continue to devote the substantial effort and resources (including the advancement of costs) necessary for advancing the claims of Plaintiffs and the proposed class.

### 2. Proposed Interim Lead Class Counsel Has Substantial Knowledge About and Is Experienced in Leading and Resolving Data Privacy Class Actions.

Data privacy cases present unique and novel issues of fact and law that are always evolving. They further require an understanding of the technical issues of data hacking, data privacy measures, and industry standards. Appointing class counsel experienced in data privacy litigation is in the best interest of the class. *Rubenstein v. Scripps Health*, Case No.: 21cv1135-GPC(MSB), 2021 WL 4554569, at *3 (S.D. Cal., Oct. 5, 2021) (Slip Copy).

Mr. Federman has extensive experience leading and litigating complex cases, particularly data privacy matters against large corporate defendants such as Brinker International, Inc., Solara Medical Supplies, LLC, MedData, Mednax Services, Inc., and Smile Brands, among others. *See* Federman & Sherwood Firm Resume, **Exhibit 1**. Federman & Sherwood is one of the leading boutique AV rated plaintiff complex litigation law firms in the country. Numerous courts have favorably commented on Federman & Sherwood's and Mr. Federman's abilities in prosecuting complex cases. For instance, he served as co-lead and liaison counsel in *Mobbs, et al. v. Farmers*

*Insurance Co., Inc.*, USDC Western District of Oklahoma (Case No. CV-03-158) (Friot, J.). The Court in that case, in approving a proposed settlement, stated:

> Finally, let me applaud the efforts of counsel to get it litigated—to get it not only litigated but mediated and resolved subject to court approval. It did take a fair amount of work, not only to litigate the matter and do the discovery, do the briefing, and the argument and case management that had to be done, but it took a fair amount of good professional judgment to also get it settled.
>
> And up until I approved the settlement a few minutes ago, it was a case that presented, in my view, very substantial risk for both sides, and I certainly do applaud the efforts of settlement—the efforts of counsel in crafting the settlement that was reached. Which I, as I have said, am well satisfied is fair, just, and reasonable settlement for the unnamed class members as well as the representative plaintiffs.

Mr. Federman recently served (or is currently serving) in leadership positions in similar data breach cases, including: *Perez, et al. v. Carvin Wilson Software, LLC*, No. 2:23-cv-00792-PHX-SMM (Dist. Ariz.) (ECF No. 8) (interim co-lead class counsel); *Bingaman, et al. v. Avem Health Partners, Inc.*, No. CIV-23-134-SLP (W.D. Okla.) (interim lead counsel and liaison counsel) *Deevers v. Wing Financial Services LLC*, No. 22-CV-0550-CVE-JFJ (N.D. Okla. 2022) (interim co-lead class counsel); *Doughty v. Central Square Technologies, LLC, et al.*, No. CIV-20-500-G (W.D. Okla.) (settlement class counsel); *McPherson v. American Bank Systems, Inc.*, no. CIV-20-1307-G, 2021 WL 932042 (W.D. Okla. 2021) (interim liaison counsel); *Sanders, et al., v. Ibex Global Solutions, Inc., et al.*, No. 1:22-cv-00591-TNM (D.D.C.) (co-lead counsel); *Mackey v. Belden, Inc.*, No. 4:21-cv-00149-JAR (E.D. Mo.) (co-lead counsel); *Mednax Services, Inc., Customer Data Security Breach Litigation*, No. 21-MD-02994-RAR, ECF No. 43 (S.D. Fla. 2021) (interim co-lead counsel); *Kolstedt et al. v. TMX Finance Corporate Services, Inc.*, No. 4:23-cv-76 (S.D. Ga, Savannah Division) (interim plaintiffs' steering committee); *In re: Mednax Services, Inc., Customer Data Security Breach Litigation*, MDL No. 2994 (Co-Lead Counsel); *In re: Anthem, Inc., Customer Data Security Breach Litigation*, MDL No. 2617 (Participating

-11-

Counsel); *In re: Equifax, Inc., Customer Data Security Breach Litigation*, MDL No. 2800 (Participating Counsel), *In re: Premera Blue Cross Customer Data Breach Litigation*, MDL No. 2633 (Participating Counsel), *In re Accreditation Commission for Education in Nursing Data Breach Litigation*¸ No. 1:23-cv-03337-LMM (N.D. Ga) (Interim Lead Class Counsel), and *In re Byran Cave Leighton Paisner, LLP Data Breach Litigation*, No. 1:23-cv-04249 (N.D. Ill) (Interim Lead Class Counsel).

Additionally, Federman & Sherwood has thwarted many motions to dismiss filed in data breach class actions with the same or similar allegations to those alleged herein. *See, e.g., Bowen v. Paxton Media Group, LLC*, No. 5:21-cv-00143-GNS, (W.D. Ky.) (Order dated Sept. 8, 2022) (Order grating in part and denying in part the defendant's motion to dismiss) (ECF No. 39); *In re: Solara Medical Supplies Data Breach Litigation,* Case No. 3:19-cv-00284-H-KSC (S.D. Cal.) (Order granting in part and denying in part the defendant's motion to dismiss) (ECF No. 42); *In re: Brinker Data Incident Litigation,* No. 3:18-cv-686-J-32MCR (M.D. Fla.) (Order dated July 27, 2020) (ECF No. 122); *Neville McFarlane, et al. v. Altice USA, Inc.*, No. 1:20-cv-01297-JMF (S.D.N.Y.) (Opinion and order dated Mar. 8, 2021) (ECF No. 58); *Mackey, et al. v. Belden, Inc.*, No. 4:21-cv-00149-JAR (E.D. Mo.) (Order dated Aug. 3, 2021) (ECF No. 22); *Fischer v. CentralSquare Technologies, LLC*, No. 21-cv-60856-RAR (S.D. Fla) (Order granting in part and denying in part the defendant's motion to dismiss) (ECF No. 28); *Durgan, et al. v. U-Haul International Incorporated*, No. CV-22-01565-PHX-MTL (D. Az.) (ECF No. 31); *In re: Mednax Services, Inc., Customer Data Security Breach Litigation*, Case No. 21-MD-02994-RAR (S.D. Fl.) (ECF No. 104); *Fischer v. CentralSquare Technologies, LLC*, No. 21-CV-60856-RAR (S.D. Fl.) (ECF No. 28); *Carr v. Oklahoma Student Loan Auth., et. al,* No. 5:23-cv-00099-R (W.D. Okla.) (ECF No. 47).

In addition, Mr. Federman has been appointed and currently serves as a Special Master

-12-

for the District Court of Oklahoma County (*Access Financial Group, Inc. v. McGuire, et al.*, Case No. CJ-2020-2542)(Andrews, J.); was a member of the Arbitration Panel, New York Stock Exchange (1985 – 1995); is a member of the Oklahoma County Bar Association (Member, Committee on Professionalism, 1987-1990); the Oklahoma (Committee on Professional Ethics, 2019-present), Texas, and New York Bar Associations; the American Bar Association (Committee on Securities Litigation and Corporate Counsel); The District of Columbia Bar; the Securities Industry Association (Law and Compliance Division); American Inns of Court (Barrister, 1990-1993); Martindale-Hubble (peer review rating of AV Preeminent in both ethical standards and legal ability); and the Litigation Counsel of America (Trial Lawyer and Appellate Lawyer Honorary Society).

In summary, Federman & Sherwood has served in leadership positions ***in over sixty class actions*** (consumer and financial matters), working with a multitude of law firms across the country and is well-qualified to assist in this case, and has enjoyed great success in doing so. Additional information regarding Mr. Federman and Federman & Sherwood is detailed in the Federman & Sherwood firm resume and relevant case list, attached hereto as **Exhibit 1,** which also includes biographies of the other attorneys and staff with Federman & Sherwood.

### 3. Proposed Interim Lead Class Counsel is Familiar with the Applicable Law.

Mr. Federman possesses extensive knowledge of the applicable facts and law. Federman & Sherwood was the first to investigate and understand the facts of this case, and has previously litigated, conducted significant discovery in (including depositions of information security officers, and technical and damages witnesses and experts), and briefed essentially every aspect of data breach class action cases including recently having a contested Order granting class certification in a data breach sustained on appeal to the 11th Cir. *Green-Cooper v. Brinker International, Inc.*, 73 F.4th 883 (11th Cir. 2023). His experience, in this case and in similar cases

in general, will allow him to efficiently manage pivotal issues including class member identification and damages.

### 4.     Proposed Interim Lead Class Counsel is Committed to Representing and Advancing the Interests of the Class.

Mr. Federman and his firm are willing and able to expend the resources necessary to ensure the vigorous prosecution of the claims asserted by the Plaintiffs in these cases. Mr. Federman and his firm has a proven track-record of success leading and litigating complex class action cases, including data privacy matters. For example, Federman & Sherwood recently concluded a data breach case pending in the Western District of Oklahoma: *Doughtry v. CentralSquare Technologies, LLC*; Cause No. CIV-20-500-G. This action involved a data breach of CentralSqaure's payment software, Click2Gov, which resulted in at least 300,000 Class Members' names, credit card numbers, expiration dates, and security codes being compromised. Judge Charles B. Goodwin approved a settlement in this matter that resolved the cited case and another similar case that was originally filed in the Southern District of Florida. After the Florida case survived CentralSquare's Motion to Dismiss, it was incorporated into the Western District of Oklahoma action. Judge Goodwin's judgment for settlement settled both matters and was the most efficient means possible for the Class Members.

The experience here will be no different. Mr. Federman understands the time, energy, and skill necessary to lead this litigation and all have committed the resources required to ensure the effective and efficient representation of the class members. In fact, Mr. Federman has already demonstrated his commitment to this litigation by devoting substantial but appropriate resources to this litigation.

**5. Proposed Interim Liaison Counsel is Prepared and Qualified to Represent the Class.**

Proposed interim liaison counsel is qualified for the position. Mr. Green has successfully worked with Federman & Sherwood on data breaches cases in the past. Green & Noblin, P.C. is well versed in litigation matters and familiar with California's local rules. Mr. Green and his firm are willing and able to devote the necessary time and effort, and have already devoted such necessary time and effort, to successfully represent the class in this matter. As such, Plaintiffs respectfully request that the Court appoint Mr. Green as interim liaison counsel. For further information about Mr. Green of Green & Noblin, P.C., please refer to the Green & Noblin, P.C. resume, attached hereto as **Exhibit 2**.

## IV. CONCLUSION

Plaintiffs respectfully request that the Court grant their motion and enter an order: (1) consolidating the Related Actions; and (2) appointing William B. Federman as interim lead class counsel and Robert Green as interim liaison counsel. A proposed order granting this relief is submitted herewith.

DATED: November 30, 2023

By: *s/ William B. Federman*
William B. Federman*
**FEDERMAN & SHERWOOD**
10205 N. Pennsylvania Ave.
Oklahoma City, OK 73120
Telephone: (405) 235-1560
*wbf@federmanlaw.com*
*Admitted Pro Hac Vice

Robert S. Green
**GREEN & NOBLIN, P.C.**
2200 Larkspur Landing Circle, Suite 101
Larkspur, CA 94939
Telephone: (415) 477-6700
Facsimile: (415) 477-6710
Email: gnecf@classcounsel.com

-15-
WERLEY V. ORRICK, HERRINGTON & SUTCLIFFE, LLP (Case No. 3:23-cv-04089-SI)
MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM CLASS COUNSEL

*Attorneys for Plaintiff and
for the Classes*

-16-
WERLEY V. ORRICK, HERRINGTON & SUTCLIFFE, LLP (Case No. 3:23-cv-04089-SI)
MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM CLASS COUNSEL