# **<u>EXHIBIT 1</u>**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ORRICK, HERRINGTON & SUTCLIFFE LLP DATA BREACH LITIGATION<br><br>This Document Relates To: All Actions | Case No.: 3:23-cv-04089-SI |

**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

This Settlement Agreement and Release is made as of April 10, 2024, by and between, as hereinafter defined, (a) the Settlement Class Representatives,[1] on behalf of themselves and the Settlement Class, and (b) Orrick, Herrington & Sutcliffe LLP ("Orrick"). This Agreement fully and finally compromises and settles any and all claims that are, were, or could have been asserted in the litigation styled *In Re: Orrick, Herrington & Sutcliffe LLP Data Breach Litigation*, Case No. 3:23-cv-4089-SI pending in the Northern District of California, as set forth herein.

## 1. **Recitals**

1.1.    On or around March 2023, Orrick detected and responded to a third-party criminal attack on its network (i.e., the Data Breach).

1.2.    On August 11, 2023, Dennis Werley filed a class action complaint against Orrick in the United States District Court for the Northern District of California, asserting claims arising out of the Data Breach.

1.3.    On August 28, 2023, Robert Jensen filed a class action complaint against Orrick in the United States District Court for the Northern District of California, asserting claims arising out of the Data Breach.

1.4.    On December 1, 2023, Robert Bass and Jody Frease filed a class action complaint against Orrick in the United States District Court for the Northern District of California, asserting claims arising out of the Data Breach

1.5.    On December 4, 2023, Kimberly L. McCauley filed a class action complaint against Orrick in the United States District Court for the Northern District of California, asserting claims arising out of the Data Breach.

---

[1] All capitalized terms are defined in Section 2 below.

1.6.     On December 18, 2023, the Court consolidated the four actions for all purposes into the *In re: Orrick, Herrington & Sutcliffe LLP Data Breach Litigation*, Case No. 3:23-cv-04089 (N.D. Cal.) before the Honorable Susan Illston, U.S.D.J.

1.7.     On January 5, 2024, Plaintiffs Dennis R. Werley, Robert D. Jensen, Rachel Mazanec, Scott Morrissett, Kimberly L. McCauley, Robert Bass, Jody Frease, Joby Childress, and Cathi Soule filed their Consolidated Complaint.

1.8.     Beginning September 2023 and continuing through December 2023, the Parties exchanged information on a confidential basis and engaged in two full-day mediation sessions before Mr. Antonio Piazza to assess whether a resolution could be reached.

1.9.     Orrick denies all material allegations of the Consolidated Complaint and specifically denies that it failed to properly protect any personal data, had inadequate data security, was unjustly enriched by the use of personal data of the impacted individuals, breached any fiduciary duty or implied contract, or violated state consumer statutes and other laws.

1.10.    The Parties recognize the expense and length of proceedings necessary to continue litigation of the Action through further motion practice, discovery, trial, and any possible appeals.  The Parties have considered the uncertainty and risk of the outcome of further litigation, and the expense, difficulties, and delays inherent in such litigation.  The Parties are also aware of the burdens of proof necessary to establish liability and damages for the claims alleged in the Action and the defenses thereto.  The Parties have determined that the settlement set forth in this Agreement is in their respective best interests and that the Agreement is fair, reasonable, and adequate.  The Parties have therefore agreed to settle the claims asserted in the Action pursuant to the terms and provisions of this Agreement, subject to Court approval.

1.11.   It is the intention of the Parties to resolve the disputes and claims which they have between them on the terms set forth below.

NOW, THEREFORE, in consideration of the promises, covenants, and agreements herein described and for other good and valuable consideration acknowledged by each of the Parties to be satisfactory and adequate, and intending to be legally bound, the Parties do hereby mutually agree as follows:

## **2.**   **Definitions**

As used in all parts of this Agreement, including the recitals above, and the exhibits hereto, the following terms have the meanings specified below:

2.1.   "Action" means the four actions filed in the Court and consolidated in the class action captioned *In Re: Orrick, Herrington & Sutcliffe LLP Data Breach Litigation*, Case No. 3:23-cv-4089-SI (N.D. Cal.).

2.2.   "Administration and Notice Costs" means all reasonable costs and expenses incurred by the Settlement Administrator in carrying out its duties under this Agreement, including all costs and expenses incurred in connection with implementing and executing the Notice Plan.

2.3.   "Agreement" or "Settlement Agreement" means this Class Action Settlement Agreement and Release and all of its attachments and exhibits, which the Parties understand and agree set forth all material terms and conditions of the Settlement of the Action between them and which is subject to approval by the Court.

2.4.   "Approved Claims" means Settlement Claims completed using a Claim Form and submitted by the Claims Deadline, and found to be valid and in an amount approved by the Settlement Administrator.

2.5.     "Attorneys' Fees" means the attorneys' fees that Class Counsel request the Court to
approve for payment from the Settlement Fund as compensation for work in prosecuting
and settling the Action.

2.6.     "California Subclass" means members of the Settlement Class who were residents of the
State of California any time between November 19, 2022 and March 13, 2023.

2.7.     "California Subclass Members" means any person within the definition of California
Subclass.

2.8.     "Consolidated Complaint" means the Consolidated Class Action Complaint, at Docket
Entry Number 53, filed in the Action on January 5, 2024.

2.9.     "Business Days" means Monday, Tuesday, Wednesday, Thursday, and Friday, excluding
holidays observed by the U.S. federal government.

2.10.    "Claims Deadline" means the deadline by which Settlement Class Members must submit
any Settlement Claims. Settlement Claims submitted after the Claims Deadline will not
be timely and will not qualify for approval and will be rejected.  The Claims Deadline
shall be set by the Court in the Preliminary Approval Order and shall be ninety (90) days
after the Notice Date.

2.11.    "Claim Form" shall mean the claim form attached as Exhibit A, or a claim form approved
by the Court that is substantially similar to Exhibit A.

2.12.    "Class Counsel" means William B. Federman of Federman & Sherwood, Robert Green
of Green & Noblin, P.C. Amber L. Schubert of Schubert Jonckheer & Kolbe LLP, and
M. Anderson Berry of Clayeo C. Arnold APC.

2.13.    "Court" means the United States District Court for the Northern District of California,
where the Action is pending.

2.14.   "Data Breach" means the unauthorized third-party access to Orrick's network that was detected by Orrick on or around March 13, 2023 in which an unauthorized third-party obtained files containing personal information, and which is the subject of the Action.

2.15.   "Defendant" or "Orrick" means Orrick, Herrington & Sutcliffe LLP.

2.16.   "Effective Date" means the date when all of the conditions set forth in Section 6.1 of this Agreement have occurred; provided, however, that Orrick has not exercised its right of termination under Section 6.2 or Section 6.3 of this Agreement.

2.17.   "Entity" means any corporation, partnership, limited liability company, association, trust, or other organization of any type.

2.18.   "Expenses" means the reasonable costs and expenses incurred in litigating the Action that Class Counsel request the Court to approve for payment from the Settlement Fund.

2.19.   "Final Approval" means entry of a Final Approval Order and Judgment.

2.20.   "Final Approval Hearing" means the hearing to be conducted before the Court to determine the fairness, adequacy, and reasonableness of the Agreement pursuant to Federal Rule of Civil Procedure 23 and whether to enter a Final Approval Order and Judgment. The Final Approval Order and Judgment shall be entered no earlier than ninety (90) days after the CAFA notices are mailed to ensure compliance with 28 U.S.C. § 1715.

2.21.   "Final Approval Order and Judgment" means an order and judgment that the Court enters after the Final Approval Hearing, which, among other things, finally approves the Agreement, finally certifies the Settlement Class for settlement purposes, dismisses all claims in the Action against Defendant with prejudice, releases the Released Parties from the Released Claims as set forth herein, bars and enjoins the Releasing Parties from asserting any of the Released Claims, including during the pendency of any appeal from

the Final Approval Order and Judgment, includes as an exhibit a list of individuals who timely and validly opted out of the Settlement, satisfies the settlement-related provisions of Federal Rule of Civil Procedure 23 in all respects, and in the form of or materially in the form of the proposed Final Approval Order and Judgment attached as Exhibit B.

2.22. "Judgment" means the Final Approval Order and Judgment.

2.23. "Lead Class Counsel" means William B. Federman of Federman & Sherwood.

2.24. "Long Notice" means the long form notice attached as Exhibit C or substantially similar to the long form notice attached as Exhibit C.

2.25. "Orrick's Counsel" means the undersigned attorneys for Orrick from the law firm of Alston & Bird LLP.

2.26. "Notice Date" means the date by which notice will be fully commenced, which shall be sixty (60) days after the Court enters the Preliminary Approval Order.

2.27. "Notice Plan" means the Settlement notice program attached as Exhibit D to be presented to the Court for approval in connection with a motion seeking a Preliminary Approval Order.

2.28. "Objection Deadline" means the deadline by which written objections to the Settlement must be filed in the Action's electronic docket or postmarked as set forth in the Preliminary Approval Order. Such deadline shall be sixty (60) days after the Notice Date.

2.29. "Opt-Out Deadline" means the deadline by which written requests for exclusion from the Settlement must be submitted online or postmarked as set forth in the Preliminary Approval Order. Such deadline shall be sixty (60) days after the Notice Date.

2.30. "Parties" means the Settlement Class Representatives, on behalf of themselves and the Settlement Class, and Orrick.

2.31.   "Parties' Counsel" means Class Counsel and Orrick's Counsel.

2.32.   "Personal Information" is intended to be broadly construed and includes any information that could be used to identify, locate, or contact a person (whether on its own or in combination with other information). The term Personal Information also includes, without limitation, name, address, date of birth, Social Security number, health information, and any and all other personally identifiable information.  For the avoidance of doubt, the term Personal Information includes all information compromised as a result of the Data Breach.

2.33.   "Preliminary Approval Order" means the Court's order preliminarily approving the Settlement Agreement and, among other things, ordering that notice be provided to the Settlement Class, and in the form of or materially in the form of the proposed Preliminary Approval Order attached as Exhibit E.

2.34.   "Released Claims" means any and all claims, defenses, demands, actions, causes of action, rights, offsets, setoffs, suits, remedies, damages, lawsuits, costs, relief for contempt, losses, attorneys' fees, expenses, or liabilities of any kind whatsoever, in law or in equity, for any relief whatsoever, including monetary sanctions or damages for contempt, injunctive or declaratory relief, rescission, general, compensatory, special, liquidated, indirect, incidental, consequential, or punitive damages, as well as any and all claims for treble damages, penalties, interest, attorneys' fees, costs, or expenses, whether a known or Unknown Claim, suspected or unsuspected, existing or potential, contingent or vested, accrued or not accrued, liquidated or unliquidated, matured or unmatured, that in any way concern, arise out of, or relate to the Data Breach, any legal, factual, or other

allegations in the Action, or any theories of recovery that were, or could have been, raised at any point in the Action.

2.34.1.   For the avoidance of doubt, Released Claims are to be construed broadly and include, without limitation, any claims that a Releasing Party may have under the law of any jurisdiction, including, without limitation, those arising under state or federal law of the United States (including, without limitation, any causes of action under the California Consumer Privacy Act, Cal. Civ. Code  §§ 1798.100 *et seq.* and any similar statutes in effect in the United States or in any states in the United States); causes of action under the common or civil laws of any state in the United States, including but not limited to: unjust enrichment, negligence, bailment, conversion, negligence *per se*, breach of contract, breach of implied contract, breach of fiduciary duty, breach of implied covenant of good faith and fair dealing, misrepresentation (whether fraudulent, negligent, or innocent), fraudulent concealment or nondisclosure, invasion of privacy, public disclosure of private facts, and misappropriation of likeness and identity; any causes of action based on privacy rights provided for under the constitutions of the United States or of any states in the United States; any statutory claims under state or federal law; and also including, but not limited to, any and all claims in any state or federal court of the United States, for damages, injunctive relief, restitution, disgorgement, declaratory relief, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit or financial account monitoring services, identity theft insurance, the creation of a fund for future damages, statutory penalties, restitution, the appointment of a receiver, and any other form of relief.

2.35.   "Released Parties" means:

2.35.1.   Orrick, and its current and former partners, divisions, and affiliated companies, as well as these entities' respective predecessors, successors, assigns, directors, officers, employees, agents, vendors, insurers, reinsurers, shareholders, attorneys, advisors, consultants, representatives, partners, joint venturers, contractors, wholesalers, resellers, distributors, service providers, and retailers; *and*

2.35.2.   All Entities, including former and current Orrick clients, whose information was accessed, compromised, or impacted by the Data Breach, as well as those Entities' current and former parents, subsidiaries, divisions, and affiliated companies, whether indirect or direct, as well as directors, officers, agents, vendors, insurers, reinsurers, shareholders, attorneys, advisors, consultants, representatives, and contractors. Released Parties expressly include, but are not limited to, all Entities whose information was accessed, compromised, or impacted by the Data Breach who are identified in any notice of Settlement sent to Settlement Class Members. For the avoidance of doubt, the Released Parties also include the business associates and/or covered entities who were the data owners of the information accessed, compromised, or impacted by the Data Breach. It is the Parties' intent that all Entities that are Released Parties benefit from the Agreement and are entitled to enforce the Agreement fully and directly, including without limitation the Agreement's releases in Section 14.

2.36.   "Releasing Parties" means the Settlement Class Representatives and all Settlement Class Members who do not timely and validly opt out of the Settlement.

2.37.   "Service Awards" means any payments made, subject to Court approval, to Settlement Class Representatives, which shall be paid from the Settlement Fund.

2.38.   "Settlement" means the settlement of the Action by and between the Parties, and the terms and conditions thereof as stated in this Agreement.

2.39.   "Settlement Administrator" means KCC Class Action Services LLC ("KCC"). A different Settlement Administrator may be substituted if approved by order of the Court.

2.40.   "Settlement Claim" means a claim or request for settlement benefits as provided for in this Settlement Agreement.

2.41.   "Settlement Class" means all residents of the United States who were sent notice that their personal information was accessed, stolen, or compromised as a result of the Data Breach, including the California Subclass. The Settlement Class specifically excludes: (i) Orrick, any Entity in which Orrick has a controlling interest, and Orrick's partners, officers, directors, legal representatives, successors, subsidiaries, and assigns; (ii) any judge, justice, or judicial officer presiding over the Action and the members of their immediate families and judicial staff; and (iii) any individual who timely and validly opts out of the Settlement.

2.42.   "Settlement Class Member" means any person within the definition of Settlement Class.

2.43.   "Settlement Class Representatives" means Plaintiffs Dennis Werley, Robert Jensen, Rachel Mazanec, Scott Morrissett, Robert Bass, Jody Frease, Kimberly L. McCauley, Joby Childress, and Cathi Soule.

2.44.   "Settlement Fund" means the eight million United States Dollars ($8,000,000.00) that Orrick shall cause to be paid pursuant to Section 3 of this Agreement.

2.45.   "Settlement Fund Account" means the account described in Section 4 of this Agreement.

2.46.   "Short Notice" means the short form notice attached as Exhibit F or substantially similar to the short form notice attached as Exhibit F.

2.47.  "Taxes" means (i) any applicable taxes, duties, and similar charges imposed by a government authority (including any estimated taxes, interest, or penalties) arising in any jurisdiction with respect to the income or gains earned by or in respect of the Settlement Fund, including, without limitation, any taxes that may be imposed upon the Parties or the Parties' Counsel with respect to any income or gains earned by or in respect of the Settlement Fund; (ii) any other taxes, duties, and similar charges imposed by a government authority (including any estimated taxes, interest, or penalties) relating to the Settlement Fund that the Settlement Administrator determines are or will become due and owing, if any; and (iii) any and all expenses, liabilities, and costs incurred in connection with the taxation of the Settlement Fund (including without limitation, expenses of tax attorneys and accountants).

2.48.  "Unknown Claims" means any and all Released Claims that any Settlement Class Representative or Settlement Class Member does not know or suspect to exist in his or her favor as of the Effective Date and which, if known by him or her, might have affected his or her decision(s) with respect to the Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that upon the Effective Date, Settlement Class Representatives and Settlement Class Members shall have waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, the District of Columbia, or principle of common law or otherwise, which includes or is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE**

**MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

The Settlement Class Representatives and Class Counsel acknowledge, and each Settlement Class Member by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a key element of the Settlement Agreement.

## 3. Settlement Fund

3.1.  Orrick agrees to make or cause to be made a non-reversionary settlement payment of eight million United States Dollars ($8,000,000.00) and deposit that settlement payment into the Settlement Fund Account within twenty (20) Business Days of the Effective Date of the Settlement.

3.2.  The Settlement Fund shall be used to pay for (i) Administration and Notice Costs; (ii) Service Awards approved by the Court; (iii) Attorneys' Fees approved by the Court; (iv) Expenses approved by the Court; and (v) all Approved Claims. In no event shall Orrick be obligated to pay more than eight million United States Dollars ($8,000,000.00) in connection with the Settlement of the Action.

3.3.  Class Counsel and/or the Settlement Administrator shall timely furnish to Orrick any required account information, wiring instructions, or necessary forms (including a properly completed and signed IRS Form W-9 that includes the employer identification number for the Settlement Fund Account) before the deadline for making the settlement payment set forth in Section 3.1.

## 4. Settlement Fund Account

4.1.  The Settlement Fund monies shall be held in the Settlement Fund Account, which shall be established and maintained by the Settlement Administrator.

4.2.     All funds held in the Settlement Fund Account shall be deemed to be in the custody of the Court until such time as the funds shall be disbursed pursuant to this Agreement or further order of the Court.

4.3.     No amounts may be withdrawn from the Settlement Fund Account unless (i) authorized by this Agreement; (ii) authorized by the Notice Plan approved by the Court; or (iii) otherwise approved by the Court.

4.4.     The Parties agree that the Settlement Fund Account is intended to constitute a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1, *et seq*., and that the Settlement Administrator shall be the "administrator" within the meaning of Treasury Regulation § 1.468B-2(k)(3). The Parties further agree that the Settlement Fund Account shall be treated as a qualified settlement fund from the earliest date possible and agree to any relation-back election required to treat the Settlement Fund Account as a qualified settlement fund from the earliest date possible.

4.5.     Upon or before establishment of the Settlement Fund Account, the Settlement Administrator shall apply for an employer identification number for the Settlement Fund Account utilizing IRS Form SS-4 and in accordance with Treasury Regulation § 1.468B-2(k)(4), and shall provide Orrick with that employer identification number on a properly completed and signed IRS Form W-9.

4.6.     The Settlement Administrator shall file or cause to be filed, on behalf of the Settlement Fund Account, all required federal, state, and local tax returns, information returns, including, but not limited to, any Form 1099-series return, and tax withholdings statements, in accordance with the provisions of Treasury Regulation § 1.468B-2(k)(l) and Treasury Regulation § l.468B-2(1)(2). Any contract, agreement, or understanding

13

with the Settlement Administrator relating to the Settlement Fund Account shall require the Settlement Administrator or its agent to file or cause to be filed, on behalf of the Settlement Fund Account, all required federal, state, and local tax returns, information returns, including, but not limited to any Form 1099-series return, and tax withholdings statements, in accordance with the provisions of Treasury Regulation § 1.468B-2(k)(1) and Treasury Regulation § l.468B-2(1)(2). The Settlement Administrator may, if necessary, secure the advice of a certified public accounting firm in connection with its duties and tax issues arising hereunder the costs of which shall be considered Administration and Notice Costs and paid from the Settlement Fund.

4.7.    All Taxes relating to the Settlement Fund Account shall be paid out of the Settlement Fund Account, shall be considered to be an Administration and Notice Cost of the Settlement, and shall be timely paid by the Settlement Administrator without prior order of the Court.  Further, the Settlement Fund Account shall indemnify and hold harmless the Parties and the Parties' Counsel for Taxes (including, without limitation, taxes payable by reason of any such indemnification payments).

4.8.    Following its payment of the Settlement Fund monies as described in Section 3.1 of this Agreement, Orrick shall have no responsibility, financial obligation, or liability whatsoever with respect to selection of the Settlement Fund Account, investment of Settlement Fund Account funds, payment of federal, state, and local income, employment, unemployment, excise, and any other Taxes, penalties, interest, or other charges related to Taxes imposed on the Settlement Fund Account or its disbursements, or payment of the administrative, legal, accounting, or other costs occasioned by the use or administration of the Settlement Fund Account.

**5.   Presentation of Settlement to the Court**

5.1.     As soon as practicable after the execution of the Settlement Agreement, the Settlement Class Representatives and Lead Class Counsel shall submit this Settlement Agreement to the Court and file a motion for preliminary approval of the Settlement with the Court requesting entry of a Preliminary Approval Order substantially in the form attached hereto as Exhibit E, requesting, among other things:

5.1.1.   Certification of the Settlement Class for settlement purposes only;

5.1.2.   Preliminary approval of the Settlement Agreement;

5.1.3.   Appointment of William B. Federman of Federman & Sherwood as Lead Class Counsel; Robert Green of Green & Noblin P.C., Amber L. Schubert of Schubert Jonckheer & Kolbe LLP, and M. Anderson Berry of Claveo C. Arnold APC as Plaintiffs' Steering Committee; and Robert Green of Green & Noblin, P.C. as Liaison Counsel.

5.1.4.   Appointment of the Settlement Class Representatives as the settlement class representatives;

5.1.5.   Approval of the Notice Plan attached hereto as Exhibit D;

5.1.6.   Approval of a Short Notice substantially similar to the one attached hereto as Exhibit F;

5.1.7.   Approval of a Long Notice substantially similar to the one attached hereto as Exhibit C;

5.1.8.   Approval of a Claim Form substantially similar to the one attached hereto as Exhibit A; and

5.1.9.   Appointment of the Settlement Administrator.

5.2.     The Long Notice, Short Notice, and Claim Form shall be reviewed by the Settlement Administrator and may be revised as agreed by the Parities prior to the submission to the Court for approval.

15

5.3.      After entry by the Court of a Preliminary Approval Order, and no later than thirty-five (35) days before the Final Approval Hearing, Settlement Class Representatives shall file a motion seeking final approval of the Settlement and entry of a Final Approval Order and Judgment, including a request that the preliminary certification of the Settlement Class for settlement purposes be made final.

5.4.      Class Counsel shall share drafts of any memoranda in support of preliminary approval, final approval, and attorneys' fees and expenses with Orrick at least two business days before filing same, and shall consider any proposed edits by Orrick in good faith.

**6.  Effective Date and Termination**

6.1.      The Effective Date of the Settlement shall be the first Business Day after all of the following conditions have occurred:

6.1.1.     The Parties execute this Agreement;

6.1.2.     The Court enters the Preliminary Approval Order without material change to the Parties' agreed-upon proposed Preliminary Approval Order attached as Exhibit E, which shall include approval of the Notice Plan;

6.1.3.     Notice is provided to the Settlement Class in accordance with the Preliminary Approval Order and Notice Plan;

6.1.4.     The Court enters the Final Approval Order and Judgment consistent with the requirements of Section 2.21 and without material change to the Parties' agreed-upon proposed Final Approval Order and Judgment attached as Exhibit B; and

6.1.5.     The Final Approval Order and Judgment has become final because (i) the time for appeal, petition, rehearing, or other review has expired; or (ii) if any appeal, petition, request for rehearing or other review has been filed, the Final Approval Order and Judgment is affirmed without material change, or the appeal is dismissed or otherwise

16

disposed of, and no other appeal, petition, rehearing or other review is pending, and the time for further appeals, petitions, and requests for rehearing or other review has expired.

6.2.  Orrick may, in its sole discretion, terminate this Agreement if more than two (2) percent of the Settlement Class submit valid and timely requests to exclude themselves from the Settlement, as agreed to by the Parties (and submitted to the Court for *in camera* review, if requested by the Court). If Orrick elects to terminate the Settlement pursuant to this Section 6.2, it shall provide written notice to Class Counsel no later than fifteen (15) Business Days after the Opt-Out Deadline.

6.3.  This Settlement may be terminated by either Settlement Class Representatives or Orrick by serving on counsel for the opposing Party and filing with the Court a written notice of termination within ten (10) Business Days (or such longer time as may be agreed between Lead Class Counsel and Orrick) after any of the following occurrences:

6.3.1.  Lead Class Counsel and Orrick mutually agree to termination before the Effective Date;

6.3.2.  The Court rejects, materially modifies, materially amends or changes, or declines to preliminarily or finally approve the Settlement as set forth in this Settlement Agreement;

6.3.3.  An appellate court reverses the Final Approval Order and Judgment, and the Settlement is not reinstated and finally approved without material change by the Court on remand;

6.3.4.  The Court or any reviewing appellate court incorporates material terms or provisions into, or deletes or strikes material terms or provisions from, or materially modifies, amends, or changes, the proposed Preliminary Approval Order, the Preliminary Approval Order, the proposed Final Approval Order and Judgment, the Final Approval Order and Judgment, or the Settlement; or

6.3.5.  The Effective Date does not occur.

6.4.    If this Agreement is terminated under Section 6.2 or 6.3 above, the following shall occur:

6.4.1.    Within ten (10) Business Days of receiving notice of a termination event from Orrick's Counsel, the Settlement Administrator shall pay to Orrick an amount equal to the Settlement Fund, together with any interest or other income earned thereon, less (i) any Taxes paid or due with respect to such income and (ii) any reasonable and necessary Administration and Notice Costs already actually incurred and paid or payable from the Settlement Fund pursuant to the terms of this Agreement;

6.4.2.    The Parties shall return to the status quo in the Action as if the Parties had not entered into this Agreement;

6.4.3.    Any Court orders approving certification of the Settlement Class and any other orders entered pursuant to this Agreement shall be null and void and vacated, and neither those orders nor any statements made in connection with seeking approval of the Agreement may be used in or cited by any person or Entity in support of claims or defenses or in support or in opposition to a class certification motion in connection with any further proceedings in the Action or in any other action, lawsuit, arbitration, or other proceeding involving a Released Claim; and

6.4.4.    This Agreement shall become null and void, and the fact of this Settlement and that Orrick did not oppose certification of Settlement Class shall not be used or cited by any person or Entity in support of claims or defenses or in support of or in opposition to a class certification motion in connection with any further proceedings in the Action or in any other action, lawsuit, arbitration, or other proceeding involving any Released Claims.

**7.  Settlement Benefits**

7.1.     All Settlement Class Members who submit an Approved Claim using the Claim Form, which is attached as Exhibit A to this Settlement Agreement, are eligible to receive:

7.1.1.     Credit Monitoring: Three years of credit monitoring and identity protection services, which includes (i) Three Credit Bureau Monitoring, (ii) Report and Score, (iii) Dark Web Monitoring, (iv) Identity Protection Services, (v) Identity Resolution Services, and (vi) $1,000,000.00 in Identity Theft Insurance.

7.1.2.     Out-of-Pocket Expenses:  Reimbursement for documented out-of-pocket losses that were incurred as a result of the Data Breach for one or more of the following, not to exceed a total of $2,500.00 per Settlement Class Member: (i) costs and expenses spent addressing identity theft or fraud; (ii) preventative costs including purchasing credit monitoring, placing security freezes on credit reports, or requesting copies of credit reports for review; and (iii) other documented losses that were not reimbursed. Settlement Class Members seeking reimbursement under this Section 7.1.2 must submit reasonable documentation to support that the out-of-pocket expenses claimed were the result of the Data Breach. Failure to provide supporting documentation as requested on the Claim Form shall result in denial of the Settlement Claim.

7.1.3.     Extraordinary Losses: Reimbursement of up to $7,500.00 for documented actual identity theft losses or other unreimbursed fraudulent charges that are the result of the Data Breach. Settlement Class Members seeking reimbursement under this Section 7.1.3 must submit reasonable documentation to support that the out-of-pocket extraordinary loss claimed was the result of the Data Breach. Failure to provide supporting documentation as requested on the Claim Form shall result in denial of the Settlement Claim.

7.1.4.   Attested Time Spent: Any Settlement Class Member who spent time dealing with repercussions of the Data Breach, will be eligible to submit a Settlement Claim for time spent in an amount of $25.00 per hour up to five hours (for a total of $125.00). Settlement Class Members seeking reimbursement under this Section 7.1.4 must attest that the time and/or effort spent was incurred as a result of the Data Breach

7.1.5.   Alternative Cash Payment: In the alternative and in lieu of submitting a claim for out-of-pocket expenses (Section 7.1.2), extraordinary losses (Section 7.1.3), or attested time (Section 7.1.4), Settlement Class Members may instead submit a claim for a $75.00 cash payment.

7.1.6   CCPA Payment: California Subclass Members may submit a claim for a $150.00 cash payment as a result of the CCPA claim they have brought against Defendant as California residents.  This relief is in addition to any other claim for settlement benefits that the California Subclass Members would otherwise be entitled to claim pursuant to the Settlement.

7.2.   Settlement Class Members making claims for any of the relief under Section 7.1 must complete and submit a written Claim Form to the Settlement Administrator, postmarked (or, if submitted electronically in accordance with the requirements for electronic submission of a Claim Form, the date of such submission) on or before the Claims Deadline.  The Claim Form must be verified by the Settlement Class Member with a statement that his or her Settlement Claim is true and correct, to the best of his or her knowledge and belief, and is being made under penalty of perjury.

7.3.   If the total amount of Approved Claims submitted under Section 7.1, when aggregated with Administration and Notice Costs, Attorneys' Fees as approved by the Court,

20

Expenses as approved by the Court, and Service Awards as approved by the Court exceeds the amount of the Settlement Fund, then Approved Claims under Section 7.1 shall be reduced on a *pro rata* basis such that the total aggregate amount of Approved Claims under Section 7.1, Administration and Notice Costs, Attorneys' Fees, Expenses, and Service Awards, does not exceed the amount of the Settlement Fund. If the total amount of Approved Claims submitted under Section 7.1, when aggregated with Administration and Notice Costs, Attorneys' Fees as approved by the Court, Expenses as approved by the Court, and Service Awards as approved by the Court is less than the amount of the Settlement Fund, then Approved Claims under Section 7.1 shall be increased on a *pro rata* basis such that the total aggregate amount of Approved Claims under Section 7.1, Administration and Notice Costs, Attorneys' Fees, Expenses, and Service Awards, equals (as reasonably close as possible without exceeding) the amount of the Settlement Fund. The Settlement Administrator shall reasonably exercise its discretion for purposes of implementing any *pro rata* increase or decrease provided herein to account for estimated, but not yet incurred, Administration and Notice Costs. For the avoidance of doubt, in no event shall Orrick's liability or obligation under this Settlement Agreement exceed the Settlement Fund.

7.4.    Any funds that remain after the distribution of all payments for all Approved Claims from the Settlement Fund, including for settlement checks that are not cashed by the deadline to do so, will distributed pro rata to Settlement Class Members who submitted Approved Claims and cashed their initial checks unless the Settlement Administrator determines any additional distribution would not be economically feasible considering the amount of funds remaining (including for instance, if the additional distribution would be *de*

*minimis*), in which case any remaining funds shall be distributed to a charitable organization approved by the Parties and subject to Court approval.

**8.  Information Security Enhancements**

8.1     In response to the Data Breach and the Action, Orrick has further enhanced its data security infrastructure by, among other things, improving its detection and response tools, enhancing its continuous vulnerability scanning at both the network and application levels, deploying additional endpoint detection and response software, and with the help of an industry leading cybersecurity vendor, performing additional 24/7 network managed detection and response.

**9.  Duties of Settlement Administrator**

9.1.     The Settlement Administrator shall perform the functions specified in this Agreement, any functions specified in the Notice Plan after Court approval, and any other functions approved by the Court. In addition to other responsibilities that are described elsewhere in this Agreement (and in the Notice Plan, once approved by the Court), the duties of the Settlement Administrator shall include:

9.1.1.     Reviewing, determining the validity of, and processing all claims submitted by Settlement Class Members. Specifically, the Settlement Administrator, in its sole discretion to be reasonably exercised, will determine whether: (i) the claimant is a Settlement Class Member; (ii) the claimant has provided all information required to complete the Claim Form by the Claims Deadline, including any documentation that may be necessary to reasonably support amounts claimed under Sections 7.1.2 and 7.1.3; and (iii) the information submitted would lead a reasonable person to conclude, for a Settlement Claim for Documented Out-of-Pocket Expenses and Documented

Extraordinary Losses submitted under Sections 7.1.2 and 7.1.3, respectively, that the alleged expenses, lost time, and extraordinary losses resulted from the Data Breach.

9.1.2.   The Settlement Administrator may at any time (but is not required) request from the claimant (including via email) supplemental claim information as the Settlement Administrator may reasonably require in order to evaluate the Settlement Claim, e.g., documentation requested on the Claim Form and information regarding the claimed losses. If supplemental claim information is requested, the Settlement Administrator shall give the claimant reasonable time in the Settlement Administrator's discretion but not exceeding 30 days to provide the supplemental information before rejecting the claim. Requests for supplemental claim information shall be made as promptly as reasonably possible after the Claims Deadline (or earlier in the discretion of the Settlement Administrator). If the supplemental claim information does not cure a claim defect as reasonably determined by the Settlement Administrator, then the Settlement Claim will be deemed invalid and there shall be no obligation to pay the Settlement Claim. For the avoidance of doubt, the Settlement Administrator is not required to request supplemental claim information, and in reasonably exercising its discretion, may deny a claim without requesting supplemental claim information.

9.1.3.   Establishing and maintaining a post office box for receiving requests for exclusion from the Settlement;

9.1.4.   Establishing and maintaining a Settlement website;

9.1.5.   Responding to Settlement Class Member inquiries via U.S. mail, email, or telephone;

9.1.6.   Establishing a toll-free telephone line for Settlement Class Members to call with Settlement-related inquiries;

9.1.7.   Paying all Taxes relating to the Settlement Fund and Settlement Fund Account;

9.1.8.   Receiving and processing all written requests for exclusion from the Settlement and providing copies thereof to the Parties' Counsel.  If the Settlement Administrator receives any requests for exclusion or other requests after the Opt-Out Deadline, the Settlement Administrator shall promptly provide copies thereof to the Parties' Counsel;

9.1.9.   Providing weekly reports that summarize the number of claims, written requests for exclusion, objections, and any other information requested by the Parties' Counsel;

9.1.10.   Within five (5) Business Days after the Opt-Out Deadline, providing a final report to the Parties' Counsel summarizing the number of written requests for exclusion (i.e., requests to opt out), a list of all individuals who have timely and validly excludes themselves from the Settlement in accordance with the requirements of the Settlement, and any other information requested by the Parties' Counsel;

9.1.11.   After the Effective Date, processing and transmitting any and all distributions to Settlement Class Members;

9.1.12.   Prior to the Final Approval Hearing, preparing and executing an affidavit to submit to the Court that identifies each Settlement Class Member who timely and validly requested exclusion from the Settlement; and

9.1.13.   Performing any other functions that the Parties jointly agree are necessary to accomplish administration of the Settlement.

9.2.   As specified in Section 3.2, all Administration and Notice Costs incurred by the Settlement Administrator or otherwise in connection with administering the Settlement shall be paid from the Settlement Fund.

9.3.     Neither the Parties nor the Parties' Counsel shall have any liability whatsoever with respect to any act or omission of the Settlement Administrator, or any of its designees or agents, in connection with its performance of its duties under this Agreement, or under the Notice Plan once approved by the Court.

9.4.     The Settlement Administrator shall indemnify and hold harmless the Parties and the Parties' Counsel for any liability arising from any act or omission of the Settlement Administrator, or any of its designees or agents, in connection with its performance of its duties under this Agreement, or under the Notice Plan once approved by the Court.

**10. Notice Plan**

10.1.    The Settlement Administrator shall be responsible for implementing and executing the Notice Plan. Within thirty (30) days after the Court's entry of a Preliminary Approval Order, Orrick shall provide the Settlement Administrator with available contact information for Settlement Class Members.

10.2.    Should the Settlement be terminated for any of the reasons identified in Sections 6.2 or 6.3, the Settlement Administrator shall immediately destroy all contact information received from Orrick for Settlement Class Members.

10.3.    As specified in Section 3.2, all costs incurred by the Settlement Administrator or otherwise relating to providing notice to Settlement Class Members shall be paid from the Settlement Fund.

**11. CAFA Notice**

11.1.    Orrick will serve or cause to be served the notice required by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, not later than ten (10) days after this Agreement is filed with the Court.

## 12. Covenants Not to Sue

12.1.   The Settlement Class Representatives covenant and agree: (i) not to file, commence, prosecute, intervene in, or participate in (as class members or otherwise) any action in any jurisdiction based on or relating to any Released Claim, or the facts and circumstances relating thereto, against any of the Released Parties; (ii) not to organize or solicit the participation of Settlement Class Members, or persons who would otherwise fall within the definition of Settlement Class Member but who requested to be excluded from the Settlement, in a separate class for purposes of pursuing any action based on or relating to any Released Claim or the facts and circumstances relating thereto, against any of the Released Parties; and (iii) that the foregoing covenants and this Agreement shall be a complete defense to any Released Claim against any of the Released Parties.

## 13. Representations and Warranties

13.1.   Each Party represents that:

(i)   such Party has the full legal right, power, and authority to enter into and perform this Agreement, subject to Court approval;

(ii)   such Party is voluntarily entering into the Agreement as a result of arm's-length negotiations conducted by its counsel;

(iii)   such Party is relying solely upon its own judgment, belief, and knowledge, and the advice and recommendations of its own independently selected counsel, concerning the nature, extent, and duration of their rights and claims hereunder and regarding all matters which relate in any way to the subject matter hereof;

(iv)   such Party has been represented by, and has consulted with, the counsel of its choice regarding the provisions, obligations, rights, risks, and legal effects of this Agreement and has been given the opportunity to review independently this Agreement with such legal counsel and agree to the particular language of the provisions herein;

(v)   the execution and delivery of this Agreement by such Party and the consummation by such Party of the transactions contemplated by this Agreement have been duly authorized by such Party;

26

(vi) except as provided herein, such Party has not been influenced to any extent whatsoever in executing the Agreement by representations, statements, or omissions pertaining to any of the foregoing matters by any Party or by any person representing any Party to the Agreement;

(vii) each of the Parties assumes the risk of mistake as to facts or law;

(viii) this Agreement constitutes a valid, binding, and enforceable agreement; and

(ix) no consent or approval of any person or Entity is necessary for such Party to enter into this Agreement.

13.2. The Settlement Class Representatives represent and warrant that they have not assigned or otherwise transferred any interest in any of the Released Claims against any of the Released Parties, and further covenant that they will not assign or otherwise transfer any interest in any of the Released Claims against any of the Released Parties.

13.3. The Settlement Class Representatives represent and warrant that they have no surviving claim or cause of action against any of the Released Parties with respect to any of the Released Claims.

## **14. Releases**

14.1. As of the Effective Date, all Releasing Parties, on behalf of themselves, their heirs, assigns, beneficiaries, executors, administrators, predecessors, and successors, and any other person purporting to claim on their behalf, hereby expressly, generally, absolutely, unconditionally, and forever release and discharge any and all Released Claims against the Released Parties and any of their current, former, and future affiliates, parents, subsidiaries, representatives, officers, agents, directors, employees, contractors, shareholders, vendors, insurers, reinsurers, successors, assigns, and attorneys, except for claims relating to the enforcement of the Settlement or this Agreement.

14.2. The Parties expressly intend that all Released Parties, including Released Parties who are third-party party beneficiaries (e.g., Orrick's current and former clients whose

27

information was impacted in the Data Breach), shall have the right to directly enforce the Releases herein.

14.3.  The Parties understand that if the facts upon which this Agreement is based are found hereafter to be different from the facts now believed to be true, each Party expressly assumes the risk of such possible difference in facts, and agrees that this Agreement, including the releases contained herein, shall remain effective notwithstanding such difference in facts. The Parties agree that in entering this Agreement, it is understood and agreed that each Party relies wholly upon its own judgment, belief, and knowledge and that each Party does not rely on inducements, promises, or representations made by anyone other than those embodied herein. Notwithstanding any other provision of this Agreement (including, without limitation, this Section), nothing in this Agreement shall be deemed to in any way impair, limit, or preclude the Parties' rights to enforce any provision of this Agreement, or any court order implementing this Agreement, in a manner consistent with the terms of this Agreement.

14.4.  Within ten (10) Business Days after the Effective Date, Lead Class Counsel and the Settlement Class Representatives shall dismiss with prejudice all claims, Actions, or proceedings that are released pursuant to this Agreement.

## **15. No Admission of Wrongdoing**

15.1.  This Agreement compromises claims which are contested in good faith, and it shall not be deemed an admission by any of the Parties as to the merits of any claim or defense. This Agreement shall not be offered or received against Orrick as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by Orrick with respect to the truth of any fact alleged by any Settlement Class Representative or any Settlement Class Member or the validity of any claim that has been or could have

been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, breach of duty, or wrongdoing of Orrick.

15.2.   This Agreement shall not be construed as or received in evidence as an admission, concession, or presumption against any Settlement Class Representative or any Settlement Class Member that any of their claims are without merit, or that any defense asserted by Orrick has any merit, or that damages recoverable in the Action would not have exceeded the Settlement Fund.

15.3.   The negotiation, terms, and entry of the Parties into this Agreement shall remain subject to the provisions of Federal Rule of Evidence 408, all similar state statutes, rules of evidence, and arbitral rules, and the mediation privilege.

15.4.   Notwithstanding the foregoing provisions of Section 15 or any other terms in this Settlement, Orrick may use, offer, admit, or refer to this Agreement and to the Settlement, if approved, where it deems necessary to defend itself in any other action, or in any judicial, administrative, regulatory, arbitrative, or other proceeding, as it deems necessary to comply with or address regulatory and/or disclosure obligations, to pursue insurance and/or other indemnification, and to enforce this Agreement and the Settlement, including the releases contained therein.

## **16. Opt-Outs**

16.1.   Any individual who wishes to exclude themselves from the Settlement must submit a written request for exclusion to the Settlement Administrator, which shall be postmarked no later than the Opt-Out Deadline or submitted online through the claims portal and verified no later than the Opt-Out Deadline.

16.2.   The written request for exclusion must:

(i)      Identify the case name of the Action;

(ii)     Identify the name and address of the individual seeking exclusion from the Settlement;

(iii)    Be personally signed by the individual seeking exclusion;

(iv)    Include a statement clearly indicating the individual's intent to be excluded from the Settlement; and

(v)     Request exclusion only for that one individual whose personal signature appears on the request.

16.3.    To be effective and valid, opt-out requests submitted online must verify the request to opt-out no later than the Opt-Out Deadline using the link sent to the individual who submitted the request for exclusion.

16.4.    Opt-out requests seeking exclusion on behalf of more than one individual shall be deemed invalid by the Settlement Administrator.

16.5.    Any individual who submits a valid and timely request for exclusion in the manner described herein shall not: (i) be bound by any orders or judgments entered in connection with the Settlement; (ii) be entitled to any relief under, or be affected by, the Agreement; (iii) gain any rights by virtue of the Agreement; or (iv) be entitled to object to any aspect of the Settlement.

16.6.    Any individual who does not submit a valid and timely request for exclusion in the manner described herein shall be deemed to be a Settlement Class Member upon expiration of the Opt-Out Deadline, and shall be bound by all subsequent proceedings, orders, and judgments applicable to the Settlement Class.

16.7.    Class Counsel agree that this Settlement Agreement is fair, reasonable, and in the best interests of the Settlement Class Members.

**17. Objections**

17.1.    Any Settlement Class Member who wishes to object to the Settlement must submit a written objection to the Court on or before the Objection Deadline, as specified in the Preliminary Approval Order.

17.2.    The written objection must include:

 (i)      The case name and number of the Action;

 (ii)     The name, address, and telephone number of the objecting Settlement Class Member and, if represented by counsel, of his/her counsel;

 (iii)    A statement of whether the objection applies only to the objector, to a specific subset of the class, or to the entire class;

 (iv)     A statement of the number of times in which the objector (and, where applicable, objector's counsel) has objected to a class action settlement within the three years preceding the date that the objector files the objection, along with the caption of each case in which the objector has made such objection;

 (v)      A statement of the specific grounds for the objection; and

 (vi)     A statement of whether the objecting Settlement Class Member intends to appear at the Final Approval Hearing, and if so, whether personally or through counsel.

17.3.    In addition to the foregoing requirements, if an objecting Settlement Class Member intends to speak at the Final Approval Hearing (whether *pro se* or through an attorney), the written objection must include a detailed description of any evidence the objecting Settlement Class Member may offer at the Final Approval Hearing, as well as copies of any exhibits the objecting Settlement Class Member may introduce at the Final Approval Hearing.

17.4.    Any Settlement Class Member who fails to object to the Settlement in the manner described in this Agreement, the Preliminary Approval Order, and in the notice provided pursuant to the Notice Plan shall be deemed to have waived any such objection, shall not

be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be precluded from seeking any review of the Settlement or the terms of this Agreement by appeal or any other means.

## 18. Service Awards

18.1.   The Settlement Class Representatives and Lead Class Counsel shall submit a request to the Court for payment of Service Awards, not to exceed two thousand five hundred United States Dollars ($2,500.00) per individual, to the Settlement Class Representatives. Any request for Service Awards must be filed with the Court at least thirty-five (35) days before the Objection Deadline.  If approved by the Court, such Service Awards shall be paid by the Settlement Administrator from the Settlement Fund within twenty-one (21) Business Days after the Effective Date.

18.2.   Orrick agrees not to oppose any request to the Court for Service Awards, provided such request does not seek more than two thousand five hundred United States Dollars ($2,500.00) per individual.  For the avoidance of doubt, Service Awards shall be paid from the Settlement Fund.

18.3.   The Parties agree that the effectiveness of this Agreement is not contingent upon the Court's approval of the payment of any Service Awards.  If the Court declines to approve, in whole or in part, a request for Service Awards, all remaining provisions in this Agreement shall remain in full force and effect.   No decision by the Court, or modification or reversal or appeal of any decision by the Court, concerning the payment of Service Awards, or the amount thereof, shall be grounds for cancellation or termination of this Agreement.

**19. Attorneys' Fees and Expenses**

19.1.    Lead Class Counsel shall submit a request to the Court for payment of Attorneys' Fees, expressed as a percentage of the value conferred by the Settlement on the Settlement Class, and for reimbursement of Expenses incurred in prosecuting and settling the Action. Any request for Attorneys' Fees and Expenses must be filed with the Court at least thirty-five (35) days before the Objection Deadline. If approved by the Court, such Attorneys' Fees and Expenses shall be paid by the Settlement Administrator from the Settlement Fund within twenty-one (21) Business Days after the Effective Date. For the avoidance of doubt, Attorneys' Fees and Expenses shall be paid from the Settlement Fund.

19.2.    The Parties agree that the effectiveness of this Agreement is not contingent upon the Court's approval of the payment of any Attorneys' Fees or Expenses. If the Court declines to approve, in whole or in part, a request for Attorneys' Fees or Expenses, all remaining provisions in this Agreement shall remain in full force and effect.  No decision by the Court, or modification or reversal or appeal of any decision by the Court, concerning the payment of Attorneys' Fees or Expenses, or the amount thereof, shall be grounds for cancellation or termination of this Agreement.

**20. Confidentiality**

20.1.    The Parties and the Parties' Counsel agree that the terms of this Settlement shall remain confidential and shall not be disclosed until the Agreement is publicly filed in connection with the Settlement Class Representatives' motion seeking a Preliminary Approval Order.  Notwithstanding the foregoing, Orrick may disclose this Agreement for legal, compliance, and regulatory-related purposes.

**21. Notices**

21.1.    All notices to Class Counsel or Lead Class Counsel provided for in this Agreement shall

be sent by email and First Class mail to the following:

> William B. Federman
> FEDERMAN & SHERWOOD
> 10205 N. Pennsylvania Ave.
> Oklahoma City, OK 73120
> wbf@federmanlaw.com
> law@federmanlaw.com
> jaw@federmanlaw.com

21.2.    All notices to Orrick or Orrick's Counsel provided for in this Agreement shall be sent by

email and First Class mail to the following:

> Kristine M. Brown
> Donald M. Houser
> ALSTON & BIRD LLP
> 1201 West Peachtree Street NW
> Atlanta, GA  30309
> kristine.brown@alston.com
> donald.houser@alston.com
>
> and to:
>
> Aravind Swaminathan
> Orrick, Herrington & Sutcliffe LLP
> 401 Union Street - Suite 3300
> Seattle, WA 98101
> aswaminathan@orrick.com

21.3.    All notices to the Settlement Administrator provided for in this Agreement shall be sent

by either email or First Class mail to the following:

> KCC Class Action Services LLC
> P.O. Box 301172
> Los Angeles, CA 90030-1172
> admin@OHSClassActionSettlement.com

21.4.    The notice recipients and addresses designated in this Section may be changed by written

notice posted to the Settlement website.

## 22. Miscellaneous Provisions

22.1.     Further Steps. The Parties agree that they each shall undertake any further required steps to effectuate the purposes and intent of this Agreement.

22.2.     Cooperation. The Parties: (i) acknowledge that it is their intent to consummate this Settlement Agreement and (ii) agree to cooperate to the extent reasonably necessary to effect and implement all terms and conditions of the Settlement Agreement and to exercise their best efforts to accomplish the foregoing terms and conditions of the Settlement Agreement.

22.3.     Contractual Agreement. The Parties understand and agree that all terms of this Agreement, including the exhibits hereto, are contractual and are not a mere recital, and each signatory warrants that he or she is competent and possesses the full and complete authority to execute and covenant to this Agreement on behalf of the Party that he or she represents.

22.4.     Headings.  Any headings contained herein are for informational purposes only and do not constitute a substantive part of this Agreement.  In the event of a dispute concerning the terms and conditions of this Agreement, the headings shall be disregarded.

22.5.     Integration. This Agreement constitutes the entire agreement among the Parties and no representations, warranties, or inducements have been made to any Party concerning this Agreement other than the representations, warranties, and covenants expressly contained and memorialized herein.

22.6.     Exhibits. The exhibits to this Agreement are expressly incorporated by reference and made part of the terms and conditions set forth herein.

22.7.     Drafting. The language of all parts of this Agreement shall in all cases be construed as a whole, according to their fair meaning, and not strictly for or against any Party.  No Party

shall be deemed the drafter of this Agreement. The Parties acknowledge that the terms of the Agreement are contractual and are the product of negotiations between the Parties and their counsel. Each Party and their counsel cooperated in the drafting and preparation of the Agreement. In any construction to be made of the Agreement, the Agreement shall not be construed against any Party and any canon of contract interpretation to the contrary shall not be applied.

22.8.    <u>Modification or Amendment</u>. This Agreement may not be modified or amended, nor may any of its provisions be waived, except by an express writing signed by the Parties who executed this Agreement, or their successors.

22.9.    <u>Waiver</u>. The failure of a Party to insist upon strict performance of any provision of this Agreement shall not be deemed a waiver of such Party's rights or remedies or a waiver by such Party of any default by another Party in the performance or compliance of any of the terms of this Agreement. In addition, the waiver by one Party of any breach of this Agreement by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Agreement.

22.10.    <u>Severability</u>. Should any part, term, or provision of this Agreement be declared or determined by any court or tribunal to be illegal or invalid, the Parties agree that the Court may modify such provision to the extent necessary to make it valid, legal, and enforceable.  In any event, such provision shall be separable and shall not limit or affect the validity, legality, or enforceability of any other provision hereunder.

22.11.    <u>Counterparts</u>. The Settlement Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same

instrument. A complete set of executed counterparts shall be filed with the Court. This Agreement may be executed using DocuSign.

22.12.   Electronic Mail. Transmission of a signed Agreement by electronic mail shall constitute receipt of an original signed Agreement by mail.

22.13.   Successors and Assigns. The Agreement shall be binding upon, and inures to the benefit of, the heirs, executors, successors, and assigns of the Parties hereto.

22.14.   Governing Law. All terms and conditions of this Agreement shall be governed by and interpreted according to the laws of California, without reference to its conflict of law provisions, except to the extent the federal law of the United States requires that federal law governs.

22.15.   Interpretation. The following rules of interpretation shall apply to this Agreement:

    (i)   Definitions apply to the singular and plural forms of each term defined.

    (ii)   Definitions apply to the masculine, feminine, and neuter genders of each term defined.

    (iii)   Whenever the words "include," "includes" or "including" are used in this Agreement, they shall not be limiting but rather shall be deemed to be followed by the words "without limitation."

22.16.   Fair and Reasonable. The Parties and the Parties' Counsel believe this Agreement is a fair and reasonable compromise of the disputed claims and in the best interest of the Parties.  The Parties have arrived at this Agreement as a result of extensive arms-length negotiations.

22.17.   Retention of Jurisdiction. The administration and consummation of the Settlement as embodied in this Agreement shall be under the authority of the Court, and the Court shall retain jurisdiction over the Settlement and the Parties for the purpose of enforcing the

terms of this Agreement. The Court also shall retain exclusive jurisdiction over any determination of whether any subsequent suit is released by the Settlement Agreement.

22.18.   <u>Third-Party Beneficiaries.</u> It is the Parties' intent that all third parties who are Released Parties as defined in Paragraph 2.35 shall benefit from this Agreement and shall be entitled to enforce the Agreement, including its releases, fully and directly. By way of example but without limitation, it is the Parties' intent that that such Released Parties shall be entitled to fully and directly enforce the releases in response to any action, lawsuit, or proceeding asserting a Released Claim.

22.19.   <u>No Government Third-Party Rights or Beneficiaries</u>. No government agency or official can claim any rights under this Agreement or Settlement.

22.20.   <u>No Collateral Attack</u>. The Settlement Agreement shall not be subject to collateral attack, including by any Settlement Class Member or any recipient of notices of the Settlement after the Judgment is entered.

22.21.   <u>Public Statements</u>. The Parties agree not to make disparaging statements to the press regarding the Settlement or any Party. The Parties may publicly discuss the Settlement, the terms of the Settlement, any matter addressed in plaintiffs' motion for Preliminary Approval Order, or any other matter as required by law or regulation.

IN WITNESS WHEREOF, the Parties have caused this Agreement to be duly executed by themselves or by their duly authorized counsel:

**Class Counsel on behalf of the Settlement Class Representatives (who have specifically assented to the terms of this Settlement Agreement) and the Settlement Class:**

**Defendant Orrick, Herrington & Sutcliffe LLP**

Name: Aravind  Swaminathan
Title: Partner
Date:

Name: William Federman Date: 4/11/24

39

IN WITNESS WHEREOF, the Parties have caused this Agreement to be duly executed by themselves or by their duly authorized counsel:

**Class Counsel on behalf of the Settlement Class Representatives (who have specifically assented to the terms of this Settlement Agreement) and the Settlement Class:**

**Defendant Orrick, Herrington & Sutcliffe LLP**

*Aravind Swaminathan*
Aravind Swaminathan (Apr 11, 2024 11:39 PDT)

_____
Name: Aravind Swaminathan
Title: Partner
Date: Apr 11, 2024

_____
Name: William Federman
Date:

39

# Exhibit A

**CLAIM FORM FOR ORRICK, HERRINGTON & SUTCLIFFE LLP DATA BREACH BENEFITS**
*In re: Orrick, Herrington & Sutcliffe LLP Data Breach Litigation,*
Case No. 3:23-cv-04089-SI (N.D. California)

---

COMPLETE AND SIGN THIS FORM AND FILE ONLINE NO LATER THAN **[DUE DATE]**
AT **[www.OHSClassActionSettlement.com]** OR FILE BY MAIL POSTMARKED BY **[due date]**.

*You **must** use this form to make a claim for lost time payments, out of pocket loss payments, and free credit monitoring.*

Questions? Call 1-888-8888 or visit the website, [www.OHSClassActionSettlement.com]

.

---

## CLASS MEMBER INFORMATION

Full Name: _____

Mailing Address: _____

City: _____ State: _____ ZIP: _____

Telephone Number: _____

Email Address: _____
(This field is required to receive free credit monitoring. If provided, we will also communicate with you about your claim primarily by email.)

Unique Claim Form Identifier: _____

*Failure to add your Unique Claim Form Identifier will result in denial of your claim.  If you received a notice of this Settlement by U.S. mail, your Unique Claim Form Identifier is on the envelope or postcard. If you misplaced your notice, please contact the claim administrator at Call 1-888-8888 or [email address].*

## SETTLEMENT OVERVIEW

<u>Compensation for Lost Time</u>: If you spent time addressing issues relating to the Data Breach, you can make a claim for reimbursement for up to 5 hours of time at a rate of $25.00/hour. To submit a valid claim, you must represent that the time and/or effort spent was incurred as a result of the Data Breach.

<u>Credit Monitoring</u>: You can submit a claim for three years of three-bureau credit monitoring services, including at least $1 million in identity theft insurance.

1

<u>Compensation for Out-of-Pocket Expenses</u>: If you have incurred actual, unreimbursed expenses as a result of the Data Breach, you can make a claim for reimbursement for up to $2,500.00.  Examples of actual, unreimbursed expenses include: (i) costs and expenses spent addressing identity theft or fraud; (ii) preventative costs including purchasing credit monitoring, placing security freezes on credit reports, or requesting copies of credit reports for review; and (iii) other documented losses that were not reimbursed.  You must include documentation to support that the out-of-pocket expenses were the result of the Data Breach.

<u>Compensation for Documented Extraordinary Losses</u>: If you experienced out-of-pocket losses for actual identity theft or fraud and submit documentation to support that such losses are the result of the Data Breach, you can make a claim for up to $7,500.00.

<u>Alternative Cash Payment</u>: In lieu of submitted a claim for attested time, out-of-pocket expenses, or extraordinary losses, you may make a claim for an Alternative Cash Payment of $75.00.

<u>CCPA Payment</u>: If you are a California resident you may make a claim for a CCPA payment of $150.00 in recognition of your statutory claims under the California Consumer Privacy Act.

**ALL BENEFITS (AND THE AMOUNT PAID TO SETTLEMENT CLASS MEMBERS UNDER THIS SETTLEMENT) MAY BE HIGHER OR LOWER DEPENDING ON THE TOTAL AMOUNT OF APPROVED CLAIMS.**

**<u>Failure to provide all required information will result in your claim being rejected by the</u> <u>Settlement Administrator.</u>**

---

1. Were you sent a notice that your information may have been impacted in the Orrick Data Breach?
   Yes ☐ *(Proceed to Question 2)* No ☐ *(You are not eligible to submit a claim)*

---

**CLAIM FOR CREDIT MONITORING**

---

2. Do you wish to receive three years of three-bureau credit monitoring? [Note you must provide a valid email address above to receive this benefit]
   Yes ☐ *(Please include your email on the first page and proceed to Question 3)*
   No  ☐ *(Proceed to question 3).*

---

**CLAIM FOR CCPA PAYMENT**

3. Where you a Resident of California any time between November 19, 2022 and March 13, 2023?

Yes ☐ (*Proceed to Question 4*)
No  ☐ (*Proceed to Question 4*)

**CLAIM FOR ALTERNATIVE CASH PAYMENT**

4. Would you like to make a claim for an Alternative Cash Payment?  The amount of your Alternative Cash Payment may be increased or decreased on a pro rata basis depending on the total amount of Approved Claims.

Yes ☐ (*Proceed to Certification and Signature*)
No  ☐ (*Proceed to Question 5*)

**IMPORTANT:  You CANNOT select both.  You must choose between the Alternative Cash Payment OR submitting a claim for lost time, out-of-pocket expenses, or extraordinary losses.  If you submit a claim for both, your claim for Alternative Cash Payment will be rejected and the Settlement Administrator will instead review the claim for lost time, out-of-pocket expenses, or extraordinary losses.**

**CLAIM FOR LOST TIME PAYMENT**

5. Did you spend time addressing issues related to the Orrick Data Breach?

Yes ☐ (*Proceed to Question 6*) No ☐ (*Please proceed to Question 7*)

6. If you selected "Yes" for Question 5, please fill out the below statement indicating how many hours you spent addressing issues related to the Orrick Data Breach.

**I spent ____ (up to 5) total hours addressing issues related to the Orrick Data Breach to be reimbursed at a rate of $25.00/hour.**

*Please proceed to Question 7.*

3

**CLAIM FOR REIMBURSEMENT FOR OUT-OF-POCKET EXPENSES AND EXTRAORDINARY LOSSES**

| 7. Do you have documentation supporting that you experienced (i) costs and expenses spent addressing identity theft or fraud; (ii) preventative costs including purchasing credit monitoring, placing security freezes on credit reports, or requesting copies of credit reports for review; and (iii) other documented losses that were not reimbursed? You may submit a claim, with supporting documentation, for up to $2,500.00 in out-of-pocket expenses. |
|---|
|     Yes ☐ *(Proceed to Question 8)* No ☐ *(You are not eligible to submit a claim for out-of-pocket losses. Please proceed to Certification and Signature)* |
| 8. Do you have documentation showing you experienced actual identity theft losses or other unreimbursed fraudulent charges that are the result of the Data Breach? You may submit a claim, with supporting documentation, for up to $7,500.00 in out-of-pocket losses |
|     Yes ☐ *(Complete the chart below)* No ☐ *(If you said "Yes" to Question 8, please complete the chart below; if you said "No" to Question 8, please proceed to Certification and Signature).* |

| Loss Type<br>(Check all that apply) | Date of Loss | Amount of Loss | Description of Supporting Documentation<br>(Identify what you are attaching and why) |
|---|---|---|---|
| ☐ Bank fees incurred as a result the Data Breach | | | *Example: Account statement with fees incurred as a result of the Data Breach highlighted.*<br>*The description of the fees in the documentation must be specific enough to enable the settlement administrator to determine why the fees were incurred and you must explain why the fees were incurred as a result of the Data Breach.* |
| ☐ Long distance phone charges incurred as a result of the Data Breach | | | *Example: Phone bills with long distance telephone calls made as a result of the Data Breach, and corresponding charges, highlighted, along with an explanation of what the calls were for and why they were incurred as a result of the Data Breach.*<br>*You must explain who the calls were made to and why they were made as a result of the Data Breach. You must also provide sufficient documentation to demonstrate the amount you were* |

4

| Loss Type<br>(Check all that apply) | Date of Loss | Amount of Loss | Description of Supporting Documentation<br>(Identify what you are attaching and why) |
|---|---|---|---|
|  |  |  | *charged for the specific calls that you made as a result of the Data Breach.* |
| ☐ Cell phone charges (only if charged by the minute) incurred as a result of the Data Breach |  |  | *Example:  Cell phone bill with calls made as a result of the Data Breach, and corresponding charges, highlighted, along with an explanation of what the calls were for and why they were incurred as a result of the Data Breach. You must explain who the calls were made to and why they were made as a result of the Data Breach.  You must also provide sufficient documentation to demonstrate the amount you were charged for the specific calls that you made as a result of the Data Breach.* |
| ☐ Data charges (only if charged based on the amount of data used) incurred as a result of the Data Breach |  |  | *Example:  Cell phone bill with data charges incurred as a result of the Data Breach, and corresponding charges, highlighted, along with an explanation of what the data charges are for and why they were incurred as a result of the Data Breach.*<br>*You must explain what activities the data charges correspond to and why they were incurred as a result of the Data Breach.  You must also provide sufficient documentation to demonstrate the amount you were charged for the specific activities that incurred data charges that you undertook as a result of the Data Breach.* |
| ☐ Postage charges incurred as a result of the Data Breach |  |  | *Example:  Receipts from the United States postal service or other shipping companies, along with an explanation of what you sent and why you sent it.*<br>*You must explain what you sent to incur the charges, to whom you sent it, and why you sent it as a result of the Data Breach.* |

| Loss Type (Check all that apply) | Date of Loss | Amount of Loss | Description of Supporting Documentation (Identify what you are attaching and why) |
|---|---|---|---|
| ☐ Gasoline charges for local travel incurred as a result of the Data Breach | | | *Example: Gasoline receipt for gasoline used driving to the police station to file a police report regarding the Data Breach.* *You are only entitled to claim reimbursement for the gasoline you used as a result of the Data Breach, which may be less than a full tank. You must describe where you drove, the distance you traveled, why the travel was connected to the Data Breach, and the portion of any gasoline receipt that you attribute to the trips that you made as a result of the Data Breach.* |
| ☐ Credit reports, credit monitoring, or other identity theft insurance products purchased between August 2019 and the Claims Deadline | | | *Example: Receipts or account statements reflecting charges incurred to view a credit report.* |
| ☐Other unreimbursed out-of-pocket losses caused by the Data Breach | | | *Example: Receipts documenting out-of-pocket losses not set forth above, and an explanation of why the loss was more likely than not caused by the Data Breach and a statement that you made reasonable efforts to avoid or seek reimbursement for the loss, including exhaustion of all available credit monitoring insurance and identity theft insurance. Other losses could include, solely by way of example, the costs associated with addressing a fraudulent tax return or unemployment claim made in your name.* |

**CERTIFICATION AND SIGNATURE**

By submitting this Claim Form, I certify that I am a Settlement Class Member and am eligible to make a claim in this settlement and that the information provided in this Claim Form and any attachments is true and correct. I do hereby swear (or affirm), under penalty of perjury, that the information provided above is true and accurate to the best of my knowledge and that any cash compensation or benefits I am claiming are based on losses or expenses I reasonably believe, to the best of my knowledge, were incurred as a result of the Data Breach.

6

I understand that this claim may be subject to audit, verification, and Court review and that the Settlement Administrator may require supplementation of this Claim or additional information from me. I also understand that all claim payments are subject to the availability of settlement funds and may be reduced, depending on the type of claim and the determinations of the Settlement Administrator.

Name: _____

Signature: _____

Date: _____

# Exhibit B

## [PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT

On _____ **[DATE]**, this Court entered an order granting preliminary approval (the "Preliminary Approval Order") (Doc. _____) of the Settlement between the Settlement Class Representatives, on behalf of themselves and the Settlement Class, and Orrick, Herrington & Sutcliffe LLP ("Orrick"), as memorialized in Exhibit __ (Doc. __) to Plaintiffs' Motion for Preliminary Approval of Class Action Settlement;[1]

On _____ **[DATE]**,  pursuant to the notice requirements set forth in the Settlement and in the Preliminary Approval Order, the Settlement Class Members were apprised of the nature and pendency of the Action, the terms of the Settlement, and their rights to request exclusion, object, and/or appear at the final approval hearing;

On _____ **[DATE]**, the Court held a final approval hearing to determine, inter alia:  (1) whether the Settlement is fair, reasonable, and adequate; and (2) whether judgment should be entered dismissing all claims in the Consolidated Complaint with prejudice.  Prior to the final approval hearing, Class Counsel filed a declaration from the Settlement Administrator confirming that the Notice Plan was completed in accordance with the Parties' instructions and the Preliminary Approval Order.  Therefore, the Court is satisfied that Settlement Class Members were properly notified of their right to appear at the final approval hearing in support of or in opposition to the proposed Settlement, the award of attorney's fees, costs, and expenses, and the payment of Service Awards.

---

[1] The capitalized terms used in this Final Approval Order and Judgment shall have the same meaning as defined in the Settlement except as may otherwise be indicated.

Having given an opportunity to be heard to all requesting persons in accordance with the Preliminary Approval Order, having heard the presentation of Class Counsel and counsel for Orrick, having reviewed all of the submissions presented with respect to the proposed Settlement, having determined that the Settlement is fair, adequate, and reasonable, having considered the application made by Class Counsel for attorney's fees, costs, and expenses, and the application for Service Awards, and having reviewed the materials in support thereof, and good cause appearing:

**IT IS HEREBY ORDERED THAT:**

1.      The Court has jurisdiction over the subject matter of this action and over all claims raised therein and all Parties thereto, including the Settlement Class Members.  The Court also has personal jurisdiction over the Parties and the Settlement Class Members.

2.      The Settlement was entered into in good faith following arm's length negotiations and is non-collusive.

3.      The Settlement is, in all respects, fair, reasonable, and adequate, is in the best interests of the Settlement Class, and is therefore approved. The Court finds that the Parties faced significant risks, expenses, delays and uncertainties, including as to the outcome, of continued litigation of this complex matter, which further supports the Court's finding that the Settlement is fair, reasonable, adequate and in the best interests of the Settlement Class Members. The Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the Settlement.

4.      This Court grants final approval of the Settlement, including, but not limited to, the releases in the Settlement and the plans for distribution of the settlement relief.  The Court finds that the Settlement is in all respects fair, reasonable, adequate, and in the best interest of the Settlement Class.  Therefore, all Settlement Class Members who have not opted out are bound by the Settlement and this Final Approval Order and Judgment.

5.     The Settlement and every term and provision thereof—including, without limitation, the releases—are incorporated herein as if explicitly set forth herein and shall have the full force of an Order of this Court.

6.     The Parties shall effectuate the Settlement in accordance with its terms.

## OBJECTIONS AND OPT-OUTS

7.     _____ objections were filed by Settlement Class Members. The Court has considered all objections and finds the objections do not counsel against Settlement approval, and the objections are hereby overruled in all respects.

8.     All persons and entities who have not objected to the Settlement in the manner provided in the Settlement are deemed to have waived any objections to the Settlement, including, but not limited to, by appeal, collateral attack, or otherwise.

9.     A list of those putative individuals who have timely and validly elected to opt out of the Settlement in accordance with the requirements in the Settlement (the "Opt-Out Members") has been submitted to the Court in the Declaration of _____, filed in advance of the final approval hearing.  That list is attached as Exhibit A to this Order.  The persons and/or entities listed in Exhibit A are not bound by the Settlement, or this Final Approval Order and Judgment, and are not entitled to any of the benefits under the Settlement.  Opt-Out Members listed in Exhibit A shall be deemed not to be Releasing Parties.

## CLASS CERTIFICATION

10.     For purposes of the Settlement and this Final Approval Order and Judgment, the Court hereby finally certifies for settlement purposes only the following Settlement Class:

> All residents of the United States who were sent notice that their personal information was accessed, stolen, or compromised as a result of the Data Breach. Excluded from the Settlement Class are (i) Orrick, any Entity in which Orrick has a controlling interest, and Orrick's partners, officers, directors, legal representatives, successors, subsidiaries, and assigns; (ii) any judge, justice, or judicial officer presiding over the Action and the members of their immediate

families and judicial staff; and (iii) any individual who timely and validly opts out of the Settlement.

11.     For purposes of the Settlement and this Final Approval Order and Judgment, the Court also finally certifies for settlement purposes only the following California Subclass: members of the Settlement Class who were residents of the State of California any time between November 19, 2022 to March 13, 2023.  As used throughout this Order, the term "Settlement Class" shall include both the nationwide Settlement Class and the California Subclass, unless expressly noted elsewhere.

12.     The Court determines that for settlement purposes the Settlement Class meets all the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3), namely that the class is so numerous that joinder of all members is impractical; that there are common issues of law and fact; that the claims of the class representatives are typical of absent class members; that the class representatives will fairly and adequately protect the interests of the class as they have no interests antagonistic to or in conflict with the class and have retained experienced and competent counsel to prosecute this matter; that common issues predominate over any individual issues; and that a class action is the superior means of adjudicating the controversy

13.     The Court grants final approval to the appointment of Dennis R. Werley, Robert D. Jensen, Rachel Mazanec, Scott Morrissett, Robert Bass, Jody Frease, Kimberly L. McCauley, Joby Childress, and Cathi Soule as the Settlement Class Representatives.  The Court concludes that the Settlement Class Representatives have fairly and adequately represented the Settlement Class and will continue to do so.

14.     The Court grants final approval to the appointment of William Federman of Federman & Sherwood as Lead Class Counsel.  The Court concludes that Lead Class Counsel has adequately represented the Settlement Class and will continue to do so.

The Court grants final approval to the appointment of Robert Green of Green & Noblin P.C., Amber L. Schubert of Schubert Jonckheer & Kolbe LLP, and M. Anderson Berry of Clayeo C. Arnold APC as members of the Plaintiffs' Steering Committee.

## NOTICE TO THE SETTLEMENT CLASS

15.     The Court finds that the Notice Plan, set forth in the Settlement and effectuated pursuant to the Preliminary Approval Order, was the best notice practicable under the circumstances, was reasonably calculated to provide and did provide due and sufficient notice to the Settlement Class Members of the pendency of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement, their right to exclude themselves, their right to object to the Settlement and to appear at the final approval hearing, and satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and all other applicable laws.

16.     The Court finds that Orrick has fully complied with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

## AWARD OF ATTORNEY'S FEES AND SERVICE AWARDS

17.     The Court has considered Class Counsel's Motion for attorney's fees, costs, and expenses, and for service awards.

18.     The Court awards Class Counsel ___% of the gross Settlement Fund as an award of attorney's fees and $_____ as an award of costs and expenses to be paid in accordance with the Settlement, and the Court finds this amount of fees, costs, and expenses to be fair and reasonable.  This award of attorneys' fees, costs, and expenses, and any interest earned thereon, shall be paid from the Settlement Fund in accordance with the Settlement.  This award of attorneys' fees, costs, and expenses is independent of the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement.

19.     The Court grants Class Counsel's request for Service Awards and awards $2,500 to each Settlement Class Representative.  These Service Awards shall be paid from the Settlement Fund in accordance with the Settlement.

## OTHER PROVISIONS

20.     The Parties to the Settlement shall carry out their respective obligations thereunder.

21.     Within the time period set forth in the Settlement, the relief provided for in the Settlement shall be made available to the Settlement Class Members submitting valid Claim Forms, pursuant to the terms and conditions of the Settlement.

22.     As of the Effective Date, all Releasing Parties, on behalf of themselves, their heirs, assigns, beneficiaries, executors, administrators, predecessors, and successors, and any other person purporting to claim on their behalf, hereby expressly, generally, absolutely, unconditionally, and forever release and discharge any and all Released Claims against the Released Parties and any of their current, former, and future affiliates, parents, subsidiaries, representatives, officers, agents, directors, employees, contractors, shareholders, vendors, insurers, reinsurers, successors, assigns, and attorneys, except for claims relating to the enforcement of the Settlement or this Agreement.

23.     "Released Parties" means Orrick, and its current and former partners, divisions, and affiliated companies, as well as these entities' respective predecessors, successors, assigns, directors, officers, employees, agents, vendors, insurers, reinsurers, shareholders, attorneys, advisors, consultants, representatives, partners, joint venturers, contractors, wholesalers, resellers, distributors, service providers, and retailers; *and* All Entities, including former and current Orrick clients, whose information was accessed, compromised, or impacted by the Data Breach, as well as those Entities' current and former

parents, subsidiaries, divisions, and affiliated companies, whether indirect or direct, as well as directors, officers, agents, vendors, insurers, reinsurers, shareholders, attorneys, advisors, consultants, representatives, and contractors. Released Parties expressly include, but are not limited to, all Entities whose information was accessed, compromised, or impacted by the Data Breach who are identified in any notice of Settlement sent to Settlement Class Members. For the avoidance of doubt, the Released Parties also include the business associates and/or covered entities who were the data owners of the information accessed, compromised, or impacted by the Data Breach.

24.     "Released Claims" means any and all claims, defenses, demands, actions, causes of action, rights, offsets, setoffs, suits, remedies, damages, lawsuits, costs, relief for contempt, losses, attorneys' fees, expenses, or liabilities of any kind whatsoever, in law or in equity, for any relief whatsoever, including monetary sanctions or damages for contempt, injunctive or declaratory relief, rescission, general, compensatory, special, liquidated, indirect, incidental, consequential, or punitive damages, as well as any and all claims for treble damages, penalties, interest, attorneys' fees, costs, or expenses, whether a known or Unknown Claim, suspected or unsuspected, existing or potential, contingent or vested, accrued or not accrued, liquidated or unliquidated, matured or unmatured, that in any way concern, arise out of, or relate to the Data Breach, any legal, factual, or other allegations in the Action, or any theories of recovery that were, or could have been, raised at any point in the Action.

25.     For the avoidance of doubt, the Released Claims are to be construed broadly and include, without limitation, any claims that a Releasing Party may have under the law of any jurisdiction, including, without limitation, those arising under state or federal law of the United States (including, without limitation, any causes of action under the California Consumer Privacy

Act, Cal. Civ. Code §§ 1798.100 et seq. and any similar statutes in effect in the United States or in any states in the United States); causes of action under the common or civil laws of any state in the United States, including but not limited to: unjust enrichment, negligence, bailment, conversion, negligence per se, breach of contract, breach of implied contract, breach of fiduciary duty, breach of implied covenant of good faith and fair dealing, misrepresentation (whether fraudulent, negligent, or innocent), fraudulent concealment or nondisclosure, invasion of privacy, public disclosure of private facts, and misappropriation of likeness and identity; any causes of action based on privacy rights provided for under the constitutions of the United States or of any states in the United States; any statutory claims under state or federal law; and also including, but not limited to, any and all claims in any state or federal court of the United States, for damages, injunctive relief, restitution, disgorgement, declaratory relief, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit or financial account monitoring services, identity theft insurance, the creation of a fund for future damages, statutory penalties, restitution, the appointment of a receiver, and any other form of relief.

26.     "Unknown Claims" means any and all Released Claims that any Settlement Class Representative or Settlement Class Member does not know or suspect to exist in his or her favor as of the Effective Date and which, if known by him or her, might have affected his or her decision(s) with respect to the Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that upon the Effective Date, Settlement Class Representatives and Settlement Class Members shall have waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, the District of Columbia, or principle of common law or otherwise, which includes or is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES**

**NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

The Settlement Class Representatives and Class Counsel acknowledge, and each Settlement Class Member by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a key element of the Settlement Agreement.

27.     This Final Approval Order and Judgment, the Settlement, and all acts, statements, documents, and proceedings relating to the Settlement shall not be offered or received against Orrick as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by Orrick with respect to the truth of any fact alleged by any Settlement Class Representative or any Settlement Class Member or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, breach of duty, or wrongdoing of Orrick; ***provided, however***, that nothing in the foregoing, the Settlement, or this Final Approval Order and Judgment shall be interpreted to prohibit the use of the Settlement or this Final Approval Order and Judgment in a proceeding to consummate or enforce the Settlement or this Final Approval Order and Judgment (including all releases in the Settlement and Final Approval Order and Judgment), or to defend against the assertion of any Released Claims in any other proceeding, or as otherwise required by law.

28.     This Final Approval Order and Judgment and the Settlement, and all acts, statements, documents, and proceedings relating to the Settlement are not, and shall not be construed as or received in evidence as an admission, concession, or presumption against any Settlement Class Representative or any Settlement Class Member that any of their claims are

without merit, or that any defense asserted by Orrick has any merit, or that damages recoverable in the Action would not have exceeded the Settlement Fund.

29.     The Settlement (including without limitation the releases therein) shall be forever binding on, and shall have res judicata and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims that are brought, initiated, or maintained by, or on behalf of, any Settlement Class Member who is not an Opt-Out Member or any other person subject to the provisions of this Final Approval Order and Judgment.

30.     The Court hereby dismisses the Action and the Consolidated Complaint and all claims therein on the merits and with prejudice, without fees or costs to any Party except as provided in this Final Approval Order and Judgment.

31.     Consistent with Paragraph 6.3.5 of the Settlement, if the Effective Date, as defined in the Settlement Agreement, does not occur for any reason, this Final Approval Order and Judgment and the Preliminary Approval Order shall be deemed vacated and shall have no force and effect whatsoever; the Settlement shall be considered null and void; all of the Parties' obligations under the Settlement, the Preliminary Approval Order, and this Final Approval Order and Judgment shall cease to be of any force and effect, and the Parties shall return to the status quo ante in the Action as if the Parties had not entered into the Settlement.  In such an event, the Parties shall be restored to their respective positions in the Action as if the Settlement Agreement had never been entered into (and without prejudice to any of the Parties' respective positions on the issue of class certification or any other issue).

32.     Pursuant to the All Writs Act, 28 U.S.C. § 1651, this Court shall retain the authority to issue any order necessary to protect its jurisdiction from any action, whether in state or federal court.

33.     Without affecting the finality of this Final Approval Order and Judgment, the Court will retain exclusive jurisdiction over the subject matter and the Parties with respect to the interpretation and implementation of the Settlement for all purposes, including enforcement of its terms at the request of any party, and resolution of any disputes that may arise relating in any way to the implementation of the Settlement or the implementation of this Final Order and Judgment.

**ENTERED:**

DATED: _____, 2024          By: _____

# <u>Exhibit C</u>

**NOTICE OF CLASS ACTION SETTLEMENT**

<u>NORTHERN DISTRICT OF CALIFORNIA</u>
*In re: Orrick, Herrington & Sutcliffe LLP Data Breach Litigation*,
Case No. 3:23-cv-04089-SI

# If your personal information was accessed, compromised, or impacted in a data breach announced by Orrick, Herrington & Sutcliffe LLP, you are eligible for benefits from a class action settlement.

*A court authorized this notice.  This is not a solicitation from a lawyer.*

A settlement has been proposed (the "Settlement" or "Settlement Agreement") with Orrick, Herrington & Sutcliffe LLP ("Orrick") in a class action lawsuit about a security incident impacting Orrick (the "Data Breach").  The Settlement provides benefits as described in this notice.  If you are a Settlement Class Member, there are benefits available to you from the proposed settlement. The settlement includes all individuals residing in the United States who were sent notice of the Orrick Data Breach. **The easiest way to submit a claim under the Settlement is online at [[www.OHSClassActionSettlement.com]].**

The settlement provides payments and other benefits to people who submit valid claims for lost time, certain documented out-of-pocket expenses, and additional credit monitoring services. More specifically, the settlement relief includes:

- <u>Compensation for Lost Time</u>: If you spent time addressing issues relating to the Data Breach, you can make a claim for reimbursement for up to 5 hours of time at a rate of $25.00/hour. To submit a valid claim, you must represent that the time and/or effort spent was incurred as a result of the Data Breach.

- <u>Credit Monitoring</u>: Orrick previously offered 24 months of credit monitoring services with its initial notice of the Data Breach. With this Settlement, you can submit a claim for three additional years of three-bureau credit monitoring services, including $1 million in identity theft insurance.

- <u>Compensation for Out-of-Pocket Expenses</u>: If you have incurred actual, unreimbursed expenses as a result of the Data Breach, you can make a claim for reimbursement for up to $2,500.00.  Examples of actual, unreimbursed losses include: (i) costs and expenses spent addressing identity theft or fraud; (ii) preventative costs including purchasing credit monitoring, placing security freezes on credit reports, or requesting copies of credit reports for review; and (iii) other documented losses that were not reimbursed. You must include documentation to support that the out-of-pocket expenses were the result of the Data Breach.

- <u>Compensation for Documented Extraordinary Loss</u>: If you experienced out-of-pocket losses for actual identity theft or fraud and submit documentation to support that such losses are the result of the Data Breach, you can make a claim for up to $7,500.00.

- <u>CCPA Payment</u>: If you are a California resident you can make a claim for a payment of $150.00 in recognition of your claims under the California Consumer Privacy Act.

- <u>Alternative Cash Payment</u>: In lieu of submitting a claim for lost time, out-of-pocket expenses, or extraordinary loss, you may submit a claim for a $75.00 Alternative Cash Payment.

**ALL BENEFITS (AND THE AMOUNT PAID TO SETTLEMENT CLASS MEMBERS UNDER THIS SETTLEMENT) MAY BE HIGHER OR LOWER DEPENDING ON THE TOTAL AMOUNT OF APPROVED CLAIMS.**

**Your legal rights are affected even if you do nothing.  Read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | | DEADLINE |
|---|---|---|
| **File a claim for Settlement Benefits** | You must submit a claim form in order to receive credit monitoring, CCPA Payments, Alternative Cash Payments and compensation for lost time and out-of-pocket expenses.  Your claim form must include your Unique Class Member ID found on the postcard notice sent to you or available from the Settlement Administrator.<br><br>For more detailed information, see Question 9. | (90) days from date of Notice |
| **Exclude yourself from the Settlement** | You can exclude yourself from the Settlement by informing the Settlement Administrator that you want to "opt-out" of the Settlement.  If the Settlement becomes final, this is the only option that allows you to retain your rights to separately sue Orrick (or any other Released Parties) for claims related to the Data Breach.  If you opt-out, you may not make a claim for benefits under the Settlement.<br><br>For more detailed information, see Question 16. | 60 days from date of notice |
| **Object to or comment on the Settlement** | You may object to the Settlement by writing to explain to the Court why you don't think the Settlement should be approved. If you object, you will remain a Settlement Class Member, and if the Settlement is approved, you will be eligible for the benefits of the Settlement and give up your right to sue Orrick (or any other Released Parties) for claims related to the Data Breach, as described in the Settlement Agreement available on the Settlement website www.OHSClassActionSettlement.com<br><br>For more detailed information, see Question 17. | 60 days from date of notice |
| **Do Nothing** | If you do nothing, you will not be entitled to any of the above-listed benefits.  If the Settlement becomes final, you will give up your rights to sue Orrick (or any other Released Parties) separately for claims relating to the Data Breach or to continue to pursue any such claims you have already filed. | |

**Questions?  Visit [[WEBSITE]] or Call 1-XXX-XXX-XXXX**

These rights and options – **and how and when you need to exercise them** – are explained in this notice.

The Court that is presiding over this case still has to decide whether to grant final approval of the settlement. Payments will only be made after the Court grants final approval of the settlement and after any appeals are resolved.

**Questions?  Visit [[WEBSITE]] or Call 1-XXX-XXX-XXXX**

- 3 -

| WHAT THIS NOTICE CONTAINS |
| --- |

**BASIC INFORMATION**...............................................................................................**Page 4**
1.   What is this notice, and why did I get it?
2.   What is this lawsuit about?
3.   Why is this a class action?
4.   Why is there a Settlement?

**WHO IS PART OF THE SETTLEMENT?**.................................................................**Page 5**
**5.**   How do I know if I am part of the Settlement?

**SETTLEMENT BENEFITS**.........................................................................................**Page 5**
6.   What does the Settlement provide?
7.   How will the Settlement help me protect against future identity theft and fraud?
8.   What happens if the amount of claims exceeds the amount of the settlement?

**HOW DO YOU RECEIVE A BENEFIT?** .......................................................................**Page 6**
9.   How do I file a claim for credit monitoring, Out-of-Pocket Expenses, or Lost Time?
10.  How will claims be decided?
11.  When will I get my payment?

**LEGAL RIGHTS RESOLVED THROUGH THE SETTLEMENT**.............................................**Page 7**
12.  What am I giving up as part of the Settlement?

**THE LAWYERS REPRESENTING YOU** .....................................................................**Page 8**
13.  Do I have a lawyer in this case?
14.  How will the lawyers be paid?

15.  Will the Settlement Class Representative receive additional money?

**EXCLUDING YOURSELF FROM THE SETTLEMENT**.....................................................**Page 8**
**16.**  How do I exclude myself from the Settlement?

**OBJECTING TO THE SETTLEMENT**.........................................................................**Page 9**
**17.**  How do I tell the Court that I like or do not like the Settlement Agreement?

**GETTING MORE INFORMATION** ...........................................................................**Page 11**
18.  How do I get more information?

**Questions?  Visit [[WEBSITE]] or Call 1-XXX-XXX-XXXX**

# BASIC INFORMATION

| **1. What is this notice, and why did I get it?** |
| --- |

A Court authorized this notice to inform you how you may be affected by this proposed settlement. This notice describes the lawsuit, the general terms of the proposed settlement and what it may mean to you. This notice also explains how to participate in, or exclude yourself from, the Settlement if your information was compromised in the Data Breach.

For information on how to determine if you are a Settlement Class Member, and therefore eligible for benefits under this settlement, see Question 5.

| **2. What is this lawsuit about?** |
| --- |

On March 13, 2023, Orrick detected and immediately responded to a cybersecurity incident involving unauthorized file transfer activity (the "Data Breach"). The lawsuit claims that Orrick is responsible for the Data Breach.

Orrick denies these claims and any wrongdoing. No court or other judicial entity has made any judgment or other determination of any wrongdoing by Orrick.

| **3. Why is this a class action?** |
| --- |

In a class action, one or more people called "class representatives" sue on behalf of themselves and other people with similar claims. All of these people together are the "class" or "class members." Because this is a class action settlement, even persons who did not file their own lawsuit can obtain benefits provided under the settlement, except for those individuals who exclude themselves from the settlement class by the deadline.

| **4. Why is there a Settlement?** |
| --- |

The Court has not decided in favor of Plaintiffs or Orrick. Instead, both sides agreed to a settlement after a lengthy mediation process overseen by a neutral mediator. Settlements avoid the costs and uncertainty of a trial and related appeals, while more quickly providing benefits to members of the settlement class. The class representatives appointed to represent the class and the attorneys for the settlement class ("Class Counsel," see Question 13) believe that the settlement is in the best interests of the Settlement Class Members.

**Questions?  Visit [[WEBSITE]] or Call 1-XXX-XXX-XXXX**

## WHO IS PART OF THE SETTLEMENT?

**5.  How do I know if I am part of the Settlement?**

You are a Settlement Class Member if you were sent notice of the Data Breach. These notices were sent from around March 2023 to December 2023.

If you are not sure whether you are included in the settlement, you may call 1-888-8888 or [email address] with questions.

## THE SETTLEMENT BENEFITS

**6.  What does the Settlement provide?**

The Settlement provides:

- Compensation for lost time addressing issues related to the Data Breach;
- Compensation for unreimbursed, out-of-pocket expenses;
- Three years of three-bureau credit monitoring (Question 7);
- Cash Payments for California residents;
- Cash Payments for all Settlement Class Members as an alternative to submitting a claim for lost time, out-of-pocket expenses, or extraordinary losses;
- Payment of costs of notifying Settlement Class Members and administering the Settlement;
- Payment of a Service Awards to the Settlement Class Representatives, as approved by the Court (Question 15);
- Payment of Attorneys' Fees, costs, and expenses, as approved by the Court (Question 14).
- Injunctive relief, including a number of security commitments by Orrick Herrington & Sutcliffe, LLP designed to prevent attacks similar to the Data Breach from occurring in the future.

**Settlement Benefit: Cash Payment for Lost Time**: Settlement Class Members who spent time addressing issues relating to the Data Breach can make a claim for reimbursement for up to 5 hours of time at a rate of $25.00/hour.

To claim reimbursement for Lost Time, you must represent that the time and/or effort spent was incurred as a result of the Data Breach.

**Settlement Benefit: Payment for Unreimbursed Out-of-Pocket Expenses**: Settlement Class Members that have documented out-of-pocket losses as a result of the Data Breach can make a claim for reimbursement up to $2,500.00. Out-of-Pocket Expenses that are eligible for reimbursement include the following:

- (i) costs and expenses spent addressing identity theft or fraud;

**Questions?  Visit [[WEBSITE]] or Call 1-XXX-XXX-XXXX**

- (ii) preventative costs including purchasing credit monitoring, placing security freezes on credit reports, or requesting copies of credit reports for review;
- (iii) other documented losses that were not reimbursed;

To claim reimbursement for Out-of-Pocket Expenses, you must submit documentation supporting this claim, including, but not limited to credit card statements, bank statements, invoices, telephone records, and receipts.

**Settlement Benefit: Payment for Documented Extraordinary Loss**: Settlement Class Members that have documented actual identity theft losses or other unreimbursed fraudulent charges that are the result of the Data Breach can make a claim for up to $7,500.00.

To claim reimbursement for Documented Extraordinary Loss, you must submit reasonable documentation to support that the loss claimed was the result of the Data Breach.

**Settlement Benefit: CCPA Payment**: Settlement Class Members who are residents of California can make a claim for a payment of $150.00 in recognition of their claims under the California Consumer Privacy Act.

**Settlement Benefit: Alternative Cash Payment**: In lieu of submitting a claim for lost time, out-of-pocket expenses, or extraordinary loss, you may submit a claim for a $75.00 Alternative Cash Payment. Settlement Class Members eligible to receive the CCPA Payment must select this Alternative Cash Payment in addition to the CCPA Payment.

* * *

The Settlement Administrator will decide if your claim for Lost Time, Out-of-Pocket Expenses, Extraordinary Losses, CCPA Payment, and/or Alternative Cash Payment is valid. Only valid claims will be paid. The deadline to file a claim for Lost Time, Out-of-Pocket Expenses, Extraordinary Losses, CCPA Payment, and/or Alternative Cash Payment is **[CLAIMS DEADLINE]**.**The amount of your claim may be reduced or increased depending on the total amount of claims.** *See* **Question 8.**

| **7. How will the Settlement help me protect against future identity theft and fraud?** |
| --- |

Settlement Class Members can submit a claim for three years of three-bureau credit monitoring services, including at least $1 million in identity theft insurance.

The deadline to file a claim for Credit Monitoring is **[CLAIMS DEADLINE]**. If you submit a valid claim form and elect to enroll in Credit Monitoring, you will receive enrollment instructions by email after the settlement is final.

| **8. What happens if the amount of claims exceeds the amount of the settlement?** |
| --- |

**Questions?  Visit [[WEBSITE]] or Call 1-XXX-XXX-XXXX**

The aggregate amount Orrick shall be responsible to pay under this Settlement Agreement is capped at $8,000,000.00. If the total amount of Approved Claims made by Settlement Class Members, together with the Administration and Notice Costs, Service Awards, Attorneys' Fees, and Expenses, exceeds the aggregate cap, Approved Claims will be subject to a pro rata reduction such that the total amount of Settlement Benefits paid by Orrick does not exceed the amount of the settlement.

# How do you Receive a Benefit?

## 9.  How do I file a claim for Credit Monitoring, Out-of-Pocket Expenses, Lost Time, or Cash Payments?

To file a claim for credit monitoring, for reimbursement for Lost Time, Out-of-Pocket Expenses, or Extraordinary Losses, or for CCPA Payments and Alternative Cash Payments, you will need to file a claim form with your Unique Class Member ID, which can be found on the post-card notice you received or by contacting the Settlement Administrator. **The easiest way to submit a claim form is online, by filling out the form at [[WEBSITE]]**.  You can also download a paper claim form and return a completed claim form by mail addressed to:

INSERT

The deadline to file a claim is **[CLAIMS DEADLINE]** (this is the last day to file online and the postmark deadline for mailed claims).

## 10.  How will claims be decided?

The Settlement Administrator will decide whether the information provided on each Claim Form is complete and valid. The Settlement Administrator may require additional information. If you do not provide the additional information in a timely manner the claim will be considered invalid and will not be paid.

Approved Claims are those submitted in a timely manner and found to be valid by and in an amount approved by the Settlement Administrator.

Orrick's payments under the Settlement is subject to the aggregate cap discussed in Question 8.

## 11.  When will I get my payment?

The Court will hold a hearing on **[FINAL APPROVAL DATE]** to decide whether to approve the Settlement Agreement.  If the Court approves the Settlement Agreement, there may still be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year.  Please be patient.

# Legal Rights Resolved Through the Settlement

## 12.  What am I giving up as part of the Settlement?

**Questions?  Visit [[WEBSITE]] or Call 1-XXX-XXX-XXXX**

If you make a claim under the Settlement, or if you do nothing, you will be releasing all of your claims relating to the Data Breach against Orrick and any Released Parties (which includes the entity, if any, listed on the settlement notice you received) when the Settlement becomes final. By releasing your legal claims, you are giving up the right to file, or to continue to pursue, separate legal claims against or seek further compensation from Orrick or any Released Parties for any harm related to the Data Breach or the claims alleged in the lawsuits—whether or not you are currently aware of those claims.

Unless you exclude yourself from the Settlement (see Question 16), all of the decisions by the Court will bind you. That means you will be bound to the terms of the Settlement and accompanying court orders, and cannot bring a lawsuit or be part of another lawsuit against Orrick or any Released Parties regarding the Data Breach.

Paragraphs 2.34 and 2.35 of the Settlement Agreement defines the claims and parties that will be released by Settlement Class Members who do not exclude themselves from the Settlement. You can access the Settlement Agreement and read the specific details of the legal claims being released at [[WEBSITE]].

If you have any questions, you can contact the Settlement Administrator (*see* Question 18).

# THE LAWYERS REPRESENTING YOU

| **13.  Do I have a lawyer in this case?** |
|---|

Yes.  The Court appointed William B. Federman of Federman & Sherwood as Settlement Class Counsel.  You will not be charged by these lawyers for their work on this case.  If you want to be represented by your own lawyer, you may hire one at your own expense.

| **14.  How will the lawyers be paid?** |
|---|

Class Counsel has undertaken this case on a contingency-fee basis, meaning he has paid for all of the expenses in the case and has not been paid any money in relation to his work on this case. Accordingly, Class Counsel will ask the Court to award him Attorneys' Fees, costs, and expenses. The Court will decide the amount of fees and costs and expenses to be paid.  You will not have to separately pay any portion of these fees yourself.  Class Counsel's request for Attorneys' Fees and Costs (which must be approved by the Court) will be filed by **[DATE]** and will be available to view on the Settlement website at [[WEBSITE]].  Any amount approved by the Court will be subject to the aggregate cap referenced in Question 8.

| **15.  Will the Settlement Class Representatives receive additional money?** |
|---|

The Settlement Class Representatives in this action are listed in the Settlement Agreement, which is available at [[WEBSITE]]. Class Counsel will ask the Court to award the Settlement Class Representatives a "Service Award" of $2,500.00 for the time that the Settlement Class

**Questions?  Visit [[WEBSITE]] or Call 1-XXX-XXX-XXXX**

**- 9 -**

Representatives spent, and the risks that the Settlement Class Representatives undertook, in bringing this lawsuit on behalf of the class. This amount will have to be approved by the Court. Any amount approved by the Court will be subject to the aggregate cap referenced in Question 8.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

| **16.  How do I exclude myself from the Settlement?** |
|---|

If you are a member of the Settlement Class, you may exclude yourself from the Settlement (also known as "opting out").  If you exclude yourself, you will lose any right to participate in the Settlement, including any right to receive the benefits outlined in this notice.

If you decide on this option, you may keep any rights you have, if any, against Orrick, and you may file your own lawsuit against Orrick based upon the same legal claims that are asserted in this lawsuit, but you will need to find your own attorney at your own cost to represent you in that lawsuit. If you are considering this option, you may want to consult an attorney to determine your options.

**IMPORTANT:** You will be bound by the terms of the Settlement Agreement unless you submit a timely and signed written request to be excluded from the Settlement. To exclude yourself from the Settlement you must do so online at [WEBSITE] by **[DATE]** or mail a "request for exclusion," postmarked no later than **[DATE]**, to:

**INSERT**

The statement must contain the following information:

(i)   Identify the case name of the Action;
(ii)  Identify the name and address of the individual seeking exclusion from the Settlement;
(iii) Be personally signed by the individual seeking exclusion;
(iv) Include a statement clearly indicating the individual's intent to be excluded from the Settlement; and
(v)  Request exclusion only for that one individual whose personal signature appears on the request.

**If you do not comply with these procedures and the deadline for exclusions, you will lose any opportunity to exclude yourself from the Settlement, and your rights will be determined in this lawsuit by the Settlement Agreement if it is approved by the Court.**

# OBJECTING TO THE SETTLEMENT

**Questions?  Visit [[WEBSITE]] or Call 1-XXX-XXX-XXXX**

- 10 -

## 17.  How do I tell the Court that I like or do not like the Settlement Agreement?

If you are a Settlement Class Member, you have the right to tell the Court what you think of the Settlement. You can object to the Settlement if you don't think it is fair, reasonable, or adequate, and you can give reasons why you think the Court should not approve it. You can't ask the Court to order a larger settlement; the Court can only approve or deny the Settlement as it is.

To object, you must send a written objection stating that you object to the Settlement. Your objection must include:
  (i)    The case name and number of the Action;
  (ii)   The name, address, and telephone number of the objecting Settlement Class Member and, if represented by counsel, of his/her counsel;
  (iii)  A statement of whether the objection applies only to the objector, to a specific subset of the class, or to the entire class;
  (iv)   A statement of the number of times in which the objector (and, where applicable, objector's counsel) has objected to a class action settlement within the three years preceding the date that the objector files the objection, along with the caption of each case in which the objector has made such objection;
  (v)    A statement of the specific grounds for the objection; and
  (vi)   A statement of whether the objecting Settlement Class Member intends to appear at the Final Approval Hearing, and if so, whether personally or through counsel.

In addition to the foregoing requirements, if an objecting Settlement Class Member intends to speak at the Final Approval Hearing (whether *pro se* or through an attorney), the written objection must include a detailed description of any evidence the objecting Settlement Class Member may offer at the Final Approval Hearing, as well as copies of any exhibits the objecting Settlement Class Member may introduce at the Final Approval Hearing.

To be considered by the Court, your written objection must be filed electronically with the Court by [**DATE**] or mailed, postmarked no later than [**DATE**], to the following addresses:

Clerk of the Court
United States District Court Northern District of California
Ronald V. Dellums Federal Building & United States Courthouse
1301 Clay Street
Oakland, CA 94612

Kristine M. Brown, Counsel for Orrick
Alston & Bird LLP
1201 West Peachtree Street NW
Atlanta, GA 30309

William Federman
Federman & Sherwood
10205 N. Pennsylvania

**Questions?  Visit [[WEBSITE]] or Call 1-XXX-XXX-XXXX**

Oklahoma City, OK 73120

**If you do not comply with these procedures and the deadline for objections, you may lose any opportunity to have your objection considered at the Final Approval Hearing or otherwise to contest the approval of the settlement or to appeal from any orders or judgments entered by the Court in connection with the proposed settlement. You will still be eligible to receive settlement benefits if the settlement becomes final even if you object to the settlement.**

The Court has scheduled a Final Approval Hearing to listen to and consider any concerns or objections from Settlement Class Members regarding the fairness, adequacy, and reasonableness of the terms of the Settlement Agreement. That hearing is currently scheduled to take place on [**DATE and TIME**] before the Honorable Susan Illston, at the United States District Court for the Northern District of California located in [ADDRESS]. This hearing date and time may be moved. Please refer to the Settlement website (WEBSITE) for notice of any changes.

## GETTING MORE INFORMATION

| 18.  How do I get more information? |
| --- |

If you have questions about this notice or the Settlement, you may go to the Settlement website at [WEBSITE] or call [PHONE]  You can also contact the Settlement Administrator at [EMAIL] or by mailing a letter to Orrick Data Breach Class Action Settlement Administrator, [INSERT ADDRESS], for more information or to request that a copy of this document be sent to you in the mail.  If you wish to communicate directly with Class Counsel, you may contact them.  You may also seek advice and guidance from your own private lawyer at your own expense, if you wish to do so.

This notice is only a summary of the lawsuit and the Settlement.  Other related documents can be accessed through the Settlement website.  If you have questions about the proposed settlement, or wish to receive a copy of the Settlement Agreement but do not have access to the Internet to download a copy online, you may contact the Settlement Administrator. The Court cannot respond to any questions regarding this notice, the lawsuit, or the proposed settlement.

*Please do not contact the Court, its Clerks, or Orrick.*

**Questions?  Visit [[WEBSITE]] or Call 1-XXX-XXX-XXXX**

# Exhibit D

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ORRICK, HERRINGTON & SUTCLIFFE LLP DATA BREACH LITIGATION | Case No.: 3:23-cv-04089-SI |
| This Document Relates To: All Actions | |

## NOTICE PLAN

1.      This Notice Plan describes the manner and means by which the Settlement Class Members[1] will receive notice of the Settlement, the rights available to them, and the steps they must take to obtain settlement benefits, exclude themselves from the Settlement, and object to the Settlement. The Settlement Administrator shall be responsible for implementing and executing this Notice Plan.

2.      This Notice Plan is designed to reach Settlement Class Members, providing opportunities to learn about the Action and the Settlement and act upon their rights.  This Notice Plan is designed to meet due process requirements.

3.      Not later than ten (10) calendar days after the filing of the Settlement Agreement with the Court, the Settlement Administrator, on Defendant's behalf and paid as Administration and Notice Costs, shall serve or cause to be served notice of the proposed Settlement upon the appropriate federal and state officials, as provided by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

4.      Defendant will provide KCC with the names, addresses and/or email addresses (if available) that can be identified through a reasonable inquiry of Defendant's records. To the extent multiple lists of information are provided, KCC will merge this data into one comprehensive

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Settlement Agreement.

database (the "Class List"). KCC will then de-duplicate the Class List to ensure, as best as possible, that each Settlement Class Member appears on the list a single time.

5.      Within sixty (60) days of entry of the Preliminary Approval Order, the Settlement Administrator shall cause notice to be disseminated to the Settlement Class pursuant to the provisions set forth below, the costs of which shall be Administration and Notice Costs.

6.      Notice shall be provided to Settlement Class Members via direct notice (postcards) that contain a unique identifier that must be provided when submitting a claim ("Short Form Notice").  E-mail notice will be provided if an e-mail address is available for the Settlement Class Member.

7.      KCC will send a direct individual notice via email ("Email Notice") to every Settlement Class Member for whom an email address exists on the Class List. *See* Fed. R. Civ. P. 23€(2)(B) ("upon ordering notice under Rule 23(e)(1) to a class proposed to be certified for purposes of settlement under Rule 23(b)(3)—the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice, which will also be available in Spanish, may be by one or more of the following: United States mail, ***electronic means***, or other appropriate means.") (emphasis added). The Email Notice content will be included in the body of the email in the same form as the Short Form Notice in all material respects, rather than as an attachment, to avoid spam filters and improve deliverability. The email will contain a link to the settlement website.

8.      The email delivery will be attempted three times to maximize the probability that the Settlement Class Member will receive it. The email campaign will return data regarding the number of emails successfully delivered, email open rates, and email bouncebacks. Upon the first email bounceback for an individual Settlement Class Member, KCC will send a Short Form Notice via United States Postal Service (USPS) to the Settlement Class Member's corresponding postal address in the data the Defendant provides to KCC. A Short Form Notice will also be sent to all

Settlement Class Members for which an email address is not included in the data provided to KCC by the Defendant.

9.    Prior to mailing any Short Form Notice, the postal addresses will be checked against the National Change of Address (NCOA)[2] database maintained by USPS; certified via the Coding Accuracy Support System (CASS);[3] and verified through Delivery Point Validation (DPV).[4]

10.    Notices returned by USPS as undeliverable will be re-mailed to any address available through postal service forwarding order information, as appropriate. For any returned mailing that does not contain an expired forwarding order with a new address indicated, KCC may conduct further address searches using credit and other public source databases to attempt to locate new addresses and will re-mail these notices if applicable.

11.    As is common with class action settlements, KCC will establish and maintain a case-specific website to allow Settlement Class Members to obtain additional information and documents about the Settlement. The settlement website will allow users to read, download, and print the Settlement Agreement, Preliminary Approval Order, Long-Form Notice, and Claim Form, as well as other important documents and deadlines. Settlement Class Members will also be able to review a list of Frequently Asked Questions (FAQs) and Answers (which will match the Long Form Notice) and file a claim online. The website address will be displayed in the Claim Form, Long-Form Notice, and Short Form Notice.

12.    KCC will establish and host a case-specific toll-free number to allow Settlement Class Members to learn more about the settlement in the form of pre-recorded answers to FAQs.

---

[2] The NCOA database contains records of all permanent change of address submissions received by the USPS for the last four years. The USPS makes this data available to mailing firms and lists submitted to it are automatically updated with any reported move based on a comparison with the person's name and last known address.

[3] Coding Accuracy Support System is a certification system used by the USPS to ensure the quality of ZIP+4 coding systems.

[4] Records that are ZIP+4 coded are then sent through Delivery Point Validation to verify the address and identify Commercial Mail Receiving Agencies. DPV verifies the accuracy of addresses and reports exactly what is wrong with incorrect addresses.

It will also allow Settlement Class Members to request to have a Long-Form Notice and Claim Form mailed directly to them. The toll-free number will be displayed in the Long-Form Notice, Short Form Notice, Claim Form, and on the settlement website.

13.     KCC will establish and monitor a settlement mailbox where Settlement Class Members may submit hard copy Claim Forms, exclusion requests and other case correspondence.

14.     Defendant shall refer inquiring Settlement Class Members to the Settlement Administrator, the toll-free number, and the Settlement website.

15.     Lead Class Counsel will make two public postings regarding the settlement, directing all inquiring Settlement Class Members to the Settlement Administrator, the toll-free number, and the Settlement website. The content of the public postings will be mutually agreed upon, with Orrick's agreement not to be unreasonably withheld.

16.     No later than seven (7) calendar days before the Final Approval Hearing, the Settlement Administrator shall file with the Court the details outlining the scope, method, and results of the Notice Plan, including an affidavit identifying each Settlement Class Member that timely and validly requested exclusion from the Settlement.

17.     The Settlement Administrator shall have the responsibility to receive and maintain on behalf of the Court any Settlement Class Member correspondence, including inquiries, Claim Forms, and/or requests for exclusion from the Settlement. The Settlement Administrator shall also forward written inquiries to Class Counsel or its designee for a response, if warranted, and shall simultaneously provide copies of all such documents to Defendant's Counsel.

# **Exhibit E**

William B. Federman
*Admitted Pro Hac Vice*
FEDERMAN & SHERWOOD
10205 North Pennsylvania Avenue
Oklahoma City, OK  73120
Telephone:  (405) 235-1560
Facsimile: (405) 239-2112
WBF@federmanlaw.com

Interim Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| IN RE: ORRICK, HERRINGTON & SUTCLIFFE, LLP DATA BREACH LITIGATION | ) ) ) ) ) ) ) ) ) ) | Master File No. 3:23-cv-04089-SI |
| This Document Relates To: | | [PROPOSED] PRELIMINARY APPROVAL ORDER |
| All actions. | | |

This matter is before the Court for consideration of whether the Settlement reached by the parties should be preliminarily approved, the proposed Settlement Class preliminarily certified, and the proposed plan for notifying the Settlement Class approved.  Having reviewed the proposed Settlement, together with its exhibits, and based upon the relevant papers and all prior proceedings in this matter, the Court has determined the proposed Settlement satisfies the criteria for preliminary approval, the proposed Settlement Class should be preliminarily certified, and the proposed notice plan approved.[1]  Accordingly, good cause appearing in the record, **IT IS HEREBY ORDERED THAT**:

---

[1] Unless otherwise indicated, capitalized terms used herein have the same meaning as in the Settlement.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>Provisional Certification of The Settlement Class</u>**

(1)     The Court provisionally certifies the following Settlement Class:

All residents of the United States who were sent notice that their personal information was accessed, stolen, or compromised as a result of the Data Breach. Excluded from the Settlement Class are (i) Orrick, any Entity in which Orrick has a controlling interest, and Orrick's partners, officers, directors, legal representatives, successors, subsidiaries, and assigns; (ii) any judge, justice, or judicial officer presiding over the Action and the members of their immediate families and judicial staff; and (iii) any individual who timely and validly opts out of the Settlement.

This Settlement Class is provisionally certified for purposes of settlement only.

The Court further provisionally certifies, for the purposes of settlement only, a California Subclass consisting of members of the Settlement Class who were residents of the State of California any time between November 19, 2022 and March 13, 2023.

For the purpose of this Order, the term "Settlement Class" or "Settlement Class Member" shall encompass both the nationwide Settlement Class and the California Subclass, unless expressly indicated otherwise.

(2)  The Court determines that for settlement purposes the proposed Settlement Class meets all the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3), namely that the class is so numerous that joinder of all members is impractical; that there are common issues of law and fact; that the claims of the class representatives are typical of absent class members; that the class representatives will fairly and adequately protect the interests of the class as they have no interests antagonistic to or in conflict with the class and have retained experienced and competent counsel to prosecute this matter; that common issues predominate over any individual issues; and that a class action is the superior means of adjudicating the controversy.

3:23-CV-04089-SI

(3)     Dennis R. Werley, Robert D. Jensen, Rachel Mazanec, Scott Morrisset, Robert Bass, Jody Frease, Kimberly L. McCauley, Joby Childress, and Cathi Soule are designated and appointed as the Settlement Class Representatives.

(4)     William Federman of Federman & Sherwood, who was previously appointed by the Court as interim Lead Counsel, is designated as Lead Class Counsel pursuant to Fed. R. Civ. P. 23(g).   The Court finds that Mr. Federman is experienced and will adequately protect the interests of the Settlement Class.

**Preliminary Approval of the Proposed Settlement**

(5)     Upon preliminary review, the Court finds the proposed Settlement is fair, reasonable, and adequate, otherwise meets the criteria for approval, and warrants issuance of notice to the Settlement Class.   Accordingly, the proposed Settlement is preliminarily approved.

**Final Approval Hearing**

(6)     A Final Approval Hearing shall take place before the Court on _____, 2024, at ____ a.m./p.m. in Courtroom 1 – 17th Floor, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, to determine, among other things, whether: (a) the proposed Settlement Class should be finally certified for settlement purposes pursuant to Federal Rule of Civil Procedure 23; (b) the Settlement should be finally approved as fair, reasonable and adequate and, in accordance with the Settlement's terms, all claims in the Consolidated Complaint and Action should be dismissed with prejudice; (c) Settlement Class Members should be bound by the releases set forth in the Settlement; (d) the proposed Final Approval Order and Judgment should be entered; (e) the application of Class Counsel for an award of attorney's fees, costs, and expenses should be approved; and (f) the application for Service Awards should be approved.   Any other matters the Court deems necessary and appropriate will also be addressed at the hearing.

3:23-CV-04089-SI

(7)     Lead Class Counsel shall submit his application for fees, costs, and expenses and the application for Service Awards no later than 35 days before the Objection Deadline.

(8)     Any Settlement Class Member that has not timely and properly excluded itself from the Settlement in the manner described below, may appear at the Final Approval Hearing in person or by counsel and be heard, to the extent allowed by the Court, regarding the proposed Settlement; provided, however, that no Settlement Class Member that has elected to exclude themself from the Settlement shall be entitled to object or otherwise appear, and, further provided, that no Settlement Class Member shall be heard in opposition to the Settlement unless the Settlement Class Member complies with the requirements of this Order pertaining to objections, which are described below.

## Administration

(9)     KCC Class Action Services LLC is appointed as the Settlement Administrator, with responsibility for reviewing, determining the validity of, and processing all claims submitted by Settlement Class Member, and all other obligations of the Settlement Administrator as set forth in the Settlement.  All Administration and Notice Costs incurred by the Settlement Administrator will be paid out of the Settlement Fund, as provided in the Settlement.

## Notice to the Class

(10)     The Notice Plan, along with the Short Notice, Long Notice, and Claim Form attached to the Settlement as Exhibits A, C, D, F satisfy the requirements of Federal Rule of Civil Procedure 23 and due process and thus are approved.  Non-material modifications to these exhibits may be made without further order of the Court.  The Settlement Administrator is directed to carry out the Notice Plan and to perform all other tasks that the Settlement requires.

(11)     The Court finds that the form, content, and method of giving notice to the Settlement Class as described in the Notice Plan, Short Notice, Long Notice, and Claim Form:

(a) constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the action, the terms of the proposed Settlement, and their rights under the proposed Settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfy the requirements of Federal Rule of Civil Procedure 23, the constitutional requirement of due process, and any other legal requirements.  The Court further finds that the notice is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class Members.

## Exclusions from the Class

(12)     Any individual that wishes to be excluded from the Settlement must mail a written notification of such intent by United States mail to the designated address established by the Settlement Administrator (or submit online via the settlement website), postmarked or submitted no later than 60 days after the Notice Date (the "Opt-Out Deadline").  The written notification must include the name of this Action (*In Re Orrick, Herrington & Sutcliffe LLP Data Breach Litigation*, Case No. 3:23-cv-04089-SI (N.D. Cal.)), the full name and address of the individual seeking exclusion from the Settlement; be personally signed by the individual seeking exclusion; include a statement in the body of the document clearly indicating the individual's intent to be excluded from the Settlement; and request exclusion only for that one individual whose personal signature appears on the request.  Any individual who does not submit a valid and timely request for exclusion in the manner described herein shall be bound by the Settlement, including all releases and covenants therein, as well as all subsequent proceedings, orders, and judgments applicable to the Settlement Class.

3:23-CV-04089-SI

(13)    All individuals who submit valid and timely requests for exclusion from the Settlement shall not: (i) be bound by any orders or judgments entered in connection with the Settlement; (ii) be entitled to any relief under, or be affected by, the Settlement; (iii) gain any rights by virtue of the Settlement; or (iv) be entitled to object to any aspect of the Settlement..

(14)    The Settlement Administrator shall provide the parties with copies of all requests for exclusion promptly upon receipt, a weekly report which includes a summary of the number of requests for exclusion, and, within five (5) Business Days after the Opt-Out Deadline, a final list of all that have timely and validly excluded themselves from the Settlement Class in accordance with the terms of the Settlement and herein.  Prior to the Final Approval Hearing, the Settlement Administrator shall also prepare and execute a declaration identifying each individual who timely and validly requested exclusion from the Settlement.

### Objections to the Settlement

(15)    A Settlement Class Member that complies with the requirements of this Order may object to the Settlement.

(16)    No Settlement Class Member shall be heard, and no papers, briefs, pleadings, or other documents submitted by any Settlement Class Member shall be received and considered by the Court, unless a written objection is submitted to the Court on or before the Objection Deadline, which shall be 60 days after the Notice Date.  For the objection to be considered by the Court, the written objection must include:

a.    the case name and number of the Action (*In Re Orrick, Herrington & Sutcliffe LLP Data Breach Litigation*, Case No. 3:23-cv-04089-SI (N.D. Cal.));

b.    the name, address, and telephone number of the objecting Settlement Class Member and, if represented by counsel, of his/her counsel;

3:23-CV-04089-SI

c.    a statement of whether the objection applies only to the objector, to a specific subset of the class, or to the entire class;

d.    a statement of the number of times in which the objector (and, where applicable, objector's counsel) has objected to a class action settlement within the three years preceding the date that the objector files the objection, along with the caption of each case in which the objector has made such objection;

e.    a statement of the specific grounds for the objection;

f.    a statement identifying whether the objecting Settlement Class Member intends to appear at the Final Approval Hearing, and if so, whether personally or through counsel.

(17)    In addition to the foregoing requirements, if an objecting Settlement Class Member intends to speak at the Final Approval Hearing (whether pro se or through an attorney), the written objection must include a detailed description of any evidence the objecting Settlement Class Member may offer at the Final Approval Hearing, as well as copies of any exhibits the objecting Settlement Class Member may introduce at the Final Approval Hearing.

(18)    A written notice of objection may be either electronically filed in the Action's electronic docket on or before the Objection Deadline; or sent via first class, postage-prepaid United States Mail, postmarked no later than the Objection Deadline to (a) the Clerk of Court, (b) Class Counsel; and (c) Orrick's Counsel at the addresses below.

| COURT | ORRICK'S COUNSEL | CLASS Counsel |
|---|---|---|
| Clerk of Court Phillip Burton Federal Building & United States Courthouse 450 Golden Gate Avenue San Francisco, CA 94102 | Kristine M. Brown ALSTON & BIRD LLP 1201 West Peachtree Street NW Atlanta, GA 30309-3424 | William Federman FEDERMAN & SHERWOOD 10205 N. Pennsylvania Oklahoma City, OK 73120 |

(19)    Any Settlement Class Member who fails to object to the Settlement in the manner described herein shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be precluded from seeking any review of the Settlement or the terms of this Agreement by appeal or any other means.

### Claims Process and Distribution Plan

(20)    The Settlement establishes a process for assessing and determining the validity and value of claims and a methodology for paying Settlement Class Members that submit a timely, valid Claim Form.  The Court preliminarily approves this process.

(21)    Settlement Class Members that qualify for and wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Settlement, including the Claim Form.  If the Settlement is finally approved, all Settlement Class Members that qualify for any benefit under the Settlement, but who fail to submit a claim in accordance with the requirements and procedures specified in the Settlement, including the Claim Form, shall be forever barred from receiving any such benefit.  Such Class Members, however, will in all other respects be subject to and bound by the provisions of the Settlement, including the releases included in the Settlement, and the Final Approval Order and Judgment.

**<u>Termination of the Settlement and Use of this Order</u>**

(22)     This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of which shall be restored to their respective positions existing immediately before this Court entered this Order, if the Settlement is not finally approved by the Court or is terminated in accordance with the terms of the Settlement.  In such event, the Settlement shall become null and void and be of no further force and effect, and neither the Settlement (including any Settlement-related filings) nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

(23)     If the Settlement is not finally approved or there is no Effective Date under the terms of the Settlement, then this Order shall be of no force or effect; shall not be construed or used as an admission, concession, or declaration by or against Orrick, Herrington & Sutcliffe LLP of any fault, wrongdoing, breach, or liability; shall not be construed or used as an admission, concession, or declaration by or against any Settlement Class Representative or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable; and shall not constitute a waiver by any party of any defense (including without limitation any defense to class certification) or claims he or she may have in this Action or in any other lawsuit.

**<u>Stay of Proceedings</u>**

(24)     Except as necessary to effectuate this Order, this matter and any deadlines set by the Court in this matter are stayed and suspended pending the Final Approval Hearing and issuance of the Final Approval Order and Judgment, or until further order of this Court.

**Continuance of Final Approval Hearing**

(25)    The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement Class.  If the Court alters any of those dates or times, the revised dates and times shall be posted on the website maintained by the Settlement Administrator.

**Actions By Settlement Class Members**

(26)    The Court stays and enjoins, pending Final Approval of the Settlement, any actions, lawsuits, or other proceedings brought by Settlement Class Members against Orrick, Herrington & Sutcliffe LLP related to the Data Breach.

**Summary of Deadlines**

(27)    The Settlement, as preliminarily approved in this Order, shall be administered according to its terms pending the Final Approval Hearing.  Deadlines arising under the Settlement and this Order include but are not limited to the following:

| ACTION | DEADLINE |
|---|---|
| Notice Date | 60 days after entry of this Preliminary Approval Order |
| Motion for Attorneys' Fees and Expenses and Service Awards | 35 days prior to Objection Deadline |
| Claims Deadline | 90 days after Notice Date (i.e., 150 days after entry of this Preliminary Approval Order) |
| Opt-Out/ Exclusion Deadline | 60 days after Notice Date (i.e., 120 days after entry of this Preliminary Approval Order) |

| Objection Deadline | 60 days after Notice Date (i.e., 120 days after entry of this Preliminary Approval Order) |
|---|---|
| Final Approval Brief and Response to Objections Due | At least 35 days prior to Final Approval Hearing |
| Final Approval Hearing | [No earlier than 90 days after Notice Date (i.e., 150 days after entry of this Preliminary Approval Order)] |

IT IS SO ORDERED this _____ day of _____, 2024.


_____
THE HONORABLE JUDGE SUSAN ILLSTON

# Exhibit F

FIRST CLASS MAIL
U.S. POSTAGE PAID
CITY, ST
PERMIT NO. XXXX

**Court Approved Legal Notice**
*In re: Orrick, Herrington & Sutcliffe LLP Data Breach Litigation*,
Case No. 3:23-cv-04089-SI

**If you were sent a notice regarding an Orrick, Herrington & Sutcliffe LLP data breach, you may be eligible for a cash payment from a class action settlement.**

[CLASS MEMBER NAME]
[ADDRESS LINE 1]
[ADDRESS LINE 2]
[CITY, STATE ZIP]

Unique Class Member ID:

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

A proposed Settlement has been reached with Orrick related to a data breach in which personal information was accessed in 2023 (the "Data Breach"). The lawsuit, which is pending in the U.S. District Court for the Northern District of California, alleges that Orrick did not adequately protect certain personal information. Orrick denies any wrongdoing. No judgment or determination of wrongdoing has been made.

**Who is Included?** Records indicate you are included in this Settlement as a Class Member. The Class includes the U.S. residents who were sent notice of the Data Breach.

**What does the Settlement Provide?** The Settlement provides compensation for lost time in addressing issues related to the Data Breach (up to 5 hours at $25.00/hour), payment of out-of-pocket expenses related to the Data Breach (up to $2,500.00 per person), three years of complimentary credit monitoring, payment for documented extraordinary loss related to the Data Breach (up to $7,500.00 per person), and a $150.00 payment for California residents to those who submit valid claims; attorneys' fees and expenses; costs of notice and administration; and a service award to the Settlement Administrator. In lieu of submitting a claim for lost time, out-of-pocket expenses, or extraordinary losses, you may submit a claim for a $75.00 Alternative Cash Payment. The aggregate payment by Orrick is $8,000,000.00. ALL BENEFITS (AND THE AMOUNT PAID TO SETTLEMENT CLASS MEMBERS UNDER THIS SETTLEMENT) MAY BE HIGHER OR LOWER DEPENDING ON THE TOTAL AMOUNT OF APPROVED CLAIMS.

**How To Get Benefits:** You must submit a claim form, including any required documentation. The deadline to file a claim form is Month XX, 2024. You can easily file a claim online at [[www.OHSClassActionSettlement.com]]. You can also get a paper claim form at the website or by calling toll free 1-xxx-xxxx, and file by mail. When filing your claim use your unique Class Member ID (printed on the front of this notice).

**Your Other Options:** If you file a claim form, object to the Settlement and/or Attorneys' Fees and Expenses, or do nothing, you are choosing to stay in the Settlement Class. You will be legally bound by all orders of the Court and you will not be able to start, continue, or be part of any other lawsuit against Orrick, [INSERT CLIENT NAME], or Released Parties about the Data Breach. If you don't want to be legally bound by the Settlement or receive any benefits from it, you must exclude yourself by Month XX, 2024. If you do not exclude yourself, you may object to the Settlement and/or Attorneys' Fees and Expenses by Month XX, 2024. The Court has scheduled a hearing in this case for Month XX, 2024, to consider whether to approve the Settlement, Attorneys' Fees and Expenses, Service Awards of up to $2,500.00 for each Class Representative, as well as any objections. You or your own lawyer, if you have one, may ask to appear and speak at the hearing at your own cost, but you do not have to. The Motion for Attorneys' Fees and Expenses will be posted on the website after they are filed. For complete information about all of your rights and options, as well as claim forms, the Long Form Notice and Settlement Agreement, visit [www.OHSClassActionSettlement.com], or call 1-xxx-xxxx.