# **EXHIBIT 2**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ORRICK, HERRINGTON & SUTCLIFFE, LLP DATA BREACH LITIGATION | Master File No. 3:23-cv-04089-SI <br><br> **DECLARATION OF CHRISTIE K. REED IN SUPPORT OF SETTLEMENT NOTICE PLAN** |

I, Christie K. Reed, declare as follows:

1. My name is Christie K. Reed. I have personal knowledge of the matters set forth herein, and if called as a witness I could and would testify competently to them.

2. I am a Vice President of Legal Notification Services for KCC Class Action Services, LLC ("KCC"), a firm that specializes in comprehensive class action services, including legal notification, email and postal mailing campaign implementation, website design, call center support, class member data management, claims processing, check and voucher disbursements, tax reporting, settlement fund escrow and reporting, and other related services critical to the effective administration of class action settlements. With more than 30 years of industry experience, KCC has developed efficient, secure and cost-effective methods to properly handle the voluminous data and mailings associated with the noticing, claims processing and disbursement requirements of these matters to ensure the orderly and fair treatment of class members and all parties in interest. KCC has been retained to administer more than 7,500 class actions and distributed settlement payments totaling well over a trillion in assets. Our experience includes many of the

largest and most complex administrations of both private litigation and of actions brought by state and federal government regulators.

3. This Declaration describes my experience as well as KCC's experience. It also describes the proposed notice plan (the "Notice Plan" or "Notice Program") designed for this proposed class action settlement, including why I believe it will be effective and will constitute the best notice practicable under the circumstances of this Settlement, pursuant to Fed. R. Civ. P. 23(c)(2)(B) ("Rule 23").

## EXPERIENCE

4. KCC has administered class action settlements for such defendants as The Home Depot, Inc., Johnson & Johnson Services, Inc., and Whirlpool Corporation. Further, KCC has been retained as the administrator in a variety of consumer matters. Some data breach case examples which KCC has been involved with include: *Braun v. VisionQuest Eyecare, PC, et al.*, 49D07-1705-PL-020189 (Ind. Super. Ct.); *Carroll v. Macy's Inc. et al.*, No. 2:18-cv-01060-RDP (N.D. Ala.); *Debaeke v. St. Joseph Health System, et al.*, No. JCCP 4716 (Cal. Super. Ct.); *Elvey v. TD Ameritrade, Inc.*, No. C 07 2852 VRW (N.D. Cal.); *Experian Data Breach Litig.*, No. 8:15-cv-01592 AG (DFMx) (C.D. Cal.); *Groveunder v. Wellpoint*, No. JCCP 4647 (Cal. Super. Ct.); *In re LinkedIn User Privacy Litig.*, No. 12-cv-03088-EJD (N.D. Cal.); *In re Medical Informatics Engineering, Inc. Customer Data Security Breach Litig.*, No. 15-md-2667 (N.D. Ind.); *In re Yapstone Data Breach Litig.*, 15-cv-04429-JSW (N.D. Cal.); *Lozanski v. The Home Depot Inc. Canada*, No. 14-51262400CP (Ontario Superior Court of Justice, Canada); *Ramsey v. 41 E. Chestnut Crab Partners, LLC, et al.*, No. 2019-CH-2759 (Ill. Cir. Ct.); *Saenz v. SEIU United Healthcare Workers-West*, No. RG09478973 (Cal. Super. Ct.); *Shurtleff v. Health Net of California, Inc.*, No. 34-2012-00121600 (Cal. Super. Ct.); *Storm v. Paytime, Inc.*, No. 14-cv-01138 (M.D. Pa.); *The Home Depot, Inc. Customer Data Security Breach Litig.*, No. 1:14-md-02583 (N.D. Ga.); *Torres v. Wendy's*

*International, LLC*, No. 6:16-cv-00210-PGB-DCI (M.D. Fla.); and *Winstead v. ComplyRight, Inc.*, No. 18-cv-4990 (N.D. Ill.).

5. In addition to the data breach cases above, I have also personally been involved in the following data breach cases: *Cochran v. Burgerville LLC*, No. 18-cv-44864 (Cir. Ct. Ore); *In re Anthem, Inc. Data Breach Litig.*, No. 5:15-MD-02617-LHK (N.D. Cal.); *In re Arby's Restaurant Group, Inc. Data Security Litig.*, No. 18-mi-55555-AT (N.D. Ga.); and *Sonic Corp Customer Data Security Breach Litig.*, No. 1:17-md-02807 (N.D. Ohio).

6. I have also personally been involved with creating and implementing notice programs in many large and significant class action settlements, including: *Cicciarella v. Califia Farms, LLC*, No. 7:19-cv-08785 (S.D.N.Y); *Friend v. FGF Brands (USA), Inc.*, No. 1:18-cv-07644 (N.D. Ill.); *Morrisey v. Tula Life, Inc.*, No. 2021L000646 (Cir. Ct. Ill.); and *Suchanek v. Sturm Foods, Inc.*, No. 3:11-cv-00565 (S.D. Ill.).

7. In forming my opinions, I draw from my in-depth class action settlement and notice experience. I have worked in the class action notification field for over 10 years. During that time, I have been involved in all aspects in the design and implementation of class action notice planning, as well as the drafting of plain language notice documents that satisfy the requirements of Rule 23 and adhere to the guidelines set forth in the *Manual for Complex Litigation, Fourth* and by the Federal Judicial Center ("FJC").

## NOTICE PROGRAM DETAILS

### *Class Definition*

8. The proposed Settlement Class in the parties' Settlement Agreement is defined as:

> All residents of the United States who were sent notice that their personal information was accessed, stolen, or compromised as a result of the Data

Breach. Excluded from the Settlement Class are (i) Orrick, any Entity in which Orrick has a controlling interest, and Orrick's partners, officers, directors, legal representatives, successors, subsidiaries, and assigns; (ii) any judge, justice, or judicial officer presiding over the Action and the members of their immediate families and judicial staff, and (iii) any individual who timely and validly opts out of the Settlement.

### *Data Preparation*

9. The Defendant will provide KCC with the names, addresses and/or email addresses that can be identified through a reasonable inquiry of Defendant's records. To the extent multiple lists of information are provided, KCC will merge this data into one comprehensive database (the "Class List"). KCC will then de-duplicate the Class List to ensure, as best as possible, that each Settlement Class Member appears on the list a single time.

### *Data Security and Privacy*

10. KCC acts as a data processor and will receive class member data through secure means, such as secure FTP. All data provided to KCC will be used for purposes of the settlement as directed by the Settlement Agreement and the parties and will be used solely for settlement implementation and no other purpose.

11. KCC maintains a robust and comprehensive security program designed to ensure the protection and secure handling of client data.

12. KCC's Information Security Policy Framework is aligned to ISO/IEC 27002:2013 which is reviewed on an annual basis and communicated to all employees through a comprehensive training program.

13. KCC maintains a number of corporate governance policies that reflect the manner in which it does business, including an employee Code of Conduct that outlines the professional, responsible, and ethical guidelines that govern employee conduct.

### *Direct Individual Notice*

14. KCC will send a direct individual notice via email ("Email Notice") to every Settlement Class Member for whom an email address exists on the Class List. *See* Fed. R. Civ. P. 23(c)(2)(B) ("upon ordering notice under Rule 23(e)(1) to a class proposed to be certified for purposes of settlement under Rule 23(b)(3)—the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice, which will also be available in Spanish, may be by one or more of the following: United States mail, ***electronic means***, or other appropriate means.") (emphasis added). The Email Notice content will be included in the body of the email, rather than as an attachment, to avoid spam filters and improve deliverability. The email will contain a link to the settlement website.

15. The email delivery will be attempted three times to maximize the probability that the Settlement Class Member will receive it. The email campaign will return data regarding the number of emails successfully delivered, email open rates, and email bouncebacks. Upon the first email bounceback for an individual Settlement Class Member, KCC will send a "Postcard Notice" via United States Postal Service (USPS) to the Settlement Class Member's corresponding postal address in the data the Defendant provides to KCC. A Postcard Notice will also be sent to all Settlement Class Members for which an email address is not included in the data provided to KCC by the Defendant.

16. Prior to mailing any Postcard Notice, the postal addresses will be checked against the National Change of Address (NCOA)[1] database maintained by

---

[1] The NCOA database contains records of all permanent change of address submissions received by the USPS for the last four years. The USPS makes this data available to mailing firms and lists submitted to it are automatically updated with any reported move based on a comparison with the person's name and last known address.

1  USPS; certified via the Coding Accuracy Support System (CASS);[2] and verified
2  through Delivery Point Validation (DPV).[3]

3  17.  Notices returned by USPS as undeliverable will be re-mailed to any address available through postal service forwarding order information. For any returned mailing that does not contain an expired forwarding order with a new address indicated, KCC may conduct further address searches using credit and other public source databases to attempt to locate new addresses and will re-mail these notices if applicable.

*Settlement Website*

18.  As is common with class action settlements, KCC will establish and maintain a case-specific website to allow Settlement Class Members to obtain additional information and documents about the Settlement. The settlement website will allow users to read, download, and print the Settlement Agreement, Preliminary Approval Order, Long-Form Notice, and Claim Form, as well as other important documents and deadlines. Settlement Class Members will also be able to review a list of Frequently Asked Questions (FAQs) and Answers and file a claim online. The website address will be displayed in the Long-Form Notice and Postcard Notice, as well as accessible through a hyperlink embedded in the Email Notice.

*Toll-Free Telephone Number*

19.  KCC will establish and host a case-specific toll-free number to allow Settlement Class Members to learn more about the settlement in the form of pre-recorded answers to FAQs. It will also allow Settlement Class Members to request to have a Long-Form Notice and Claim Form mailed directly to them. The toll-free

---

[2] Coding Accuracy Support System is a certification system used by the USPS to ensure the quality of ZIP+4 coding systems.

[3] Records that are ZIP+4 coded are then sent through Delivery Point Validation to verify the address and identify Commercial Mail Receiving Agencies. DPV verifies the accuracy of addresses and reports exactly what is wrong with incorrect addresses.

number will be displayed in the Long-Form Notice, Postcard Notice, Email Notice, and on the settlement website.

### *Settlement P.O. Box*

20. KCC will establish and monitor a settlement mailbox where Settlement Class Members may submit hard copy Claim Forms, exclusion requests, objections, and other case correspondence.

### *Insurance*

21. KCC's services agreement governs the terms and conditions of KCC's employment, including liability and acceptance of responsibility. KCC maintains insurance applicable to its services including professional indemnity insurance, general liability, property, comprehensive crime, electronic, and computer crime, and cyber liability insurance.

### CONCLUSION

22. The Notice Program is expected to reach over 95% of Settlement Class Members. The expected reach of the Notice Program is consistent with other effective court-approved settlement notice programs and is designed to meet due process requirements. The FJC's Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide (the "FJC Checklist") considers 70-95% reach among class members to be a "high percentage" and reasonable.

23. In my opinion, the Notice Plan proposed for this case is consistent with other effective settlement notice programs. It is the best notice practicable and meets the requirements of due process as found in *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950). It provides the same reach and frequency evidence that courts have approved and that has withstood appellate scrutiny, other expert critiques, as well as collateral review. The Notice Plan and notice documents are consistent with the guidelines set forth in Rule 23, the *Manual for Complex Litigation, Fourth*, and the FJC Checklist. In addition, as cited above, the Notice Plan

has been designed to comply with the amendments to Rule 23(c)(2) which expressly allows for notice by "electronic means, or other appropriate means."

24. At the conclusion of the Notice Plan, KCC will provide a final report verifying its effective implementation.

I, Christie K. Reed, declare under penalty of perjury that the foregoing is true and correct. Executed this 8th day of April 2024, at Lakewood, California.

_____
Christie K. Reed